423 So.2d 963 (1982)
Richard P. WILLE, As Sheriff of Palm Beach County, Florida, Appellant/Cross Appellee,
v.
Samuel L. KARRH, Appellee/Cross Appellant.
No. 82-1124.
District Court of Appeal of Florida, Fourth District.
December 1, 1982.
Rehearing Denied January 12, 1983.
James H. Hicks of McKeown & Gamot, P.A., Palm Beach, for appellant/cross appellee.
Joseph S. Karp of Bernstein, Narkier, Sharff, Monchick & Karp, West Palm Beach, for appellee/cross appellant.
PER CURIAM.
This is an appeal from an order denying the Sheriff-appellant's petition for forfeiture of a boat.
The boat was stopped, seized, and over a thousand pounds of marijuana aboard confiscated. It was stipulated that the boat carried contraband at the time of the stop.
The trial court summarily denied the petition by adopting the holding in a companion criminal proceeding that the contraband in question was seized as a result of an illegal search and seizure.
Section 932.704(1), Florida Statutes (1981), provides:
The state attorney within whose jurisdiction the contraband article, vessel, motor vehicle, aircraft, or other personal property has been seized because of its use or attempted use in violation of any provisions of law dealing with contraband, or such attorney as may be employed by the seizing agency, shall promptly proceed against the contraband article, vessel, motor vehicle, aircraft, or other personal property by rule to show *964 cause in the circuit court within the jurisdiction in which the seizure or the offense occurred and may have such contraband article, vessel, motor vehicle, aircraft, or other personal property forfeited to the use of, or to be sold by, the law enforcement agency making the seizure, upon producing due proof that the contraband article, vessel, motor vehicle, aircraft, or other personal property was being used in violation of the provisions of such law. The final order of forfeiture by the court shall perfect the state's right and interest in and title to such property and shall relate back to the date of seizure.
The proceeding is civil in nature and the record and judgment in the criminal action is not admissible. City of Tallahassee v. In re: Forfeiture of One Yellow 1979 Fiat 2-Door Sedan, 414 So.2d 1100 (Fla. 1st DCA 1982).
The distinction between forfeiture and criminal proceedings has been well documented and need not be repeated. See United States v. One 1971 Chevrolet Corvette Automobile, 496 F.2d 210 (5th Cir.1974); In re 1972 Porsche 2 dr., 307 So.2d 451 (Fla. 3d DCA 1975); State v. DuBose, 11 So.2d 477 (Fla. 1943); One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); and United States v. One 1971 Harley-Davidson Motorcycle, 508 F.2d 351 (9th Cir.1974).
We hold that the appellant (a non-party in the criminal proceeding) should be allowed to prove his case in accordance with the guidelines contained in the herein mentioned cases and that the forfeiture proceeding should not be simply determined by the outcome of the criminal proceeding.
Reversed and Remanded.
BERANEK, HERSEY and WALDEN, JJ., concur.