WALDEN, Judge.
This is a forfeiture proceeding under the provisions of Section 932.704, Florida Statutes (1981).
Such undertakings are procedural quagmires on account of the failure of the statute to provide measures to be followed other than to say “ * * * by rule to show cause *802 in the circuit court.” See dissent in Famigllietti v. State ex rel. Broward County, Etc., 382 So.2d 767 (Fla. 4th DCA 1980).[1] We take notice that a variety of procedures have been evolved with reference to Section 932.704, Florida Statutes, supra, some with and some without the use of a rule to show cause and some with and some without responsive pleadings, and some with other variations. Tempting as it may be to construct a complete procedural framework, we will undertake to limit our attention to the problem at hand.
What happened here? The City of West Palm Beach Police Department sought forfeiture of $5,300.00 and filed a petition for rule to show cause and for final order of forfeiture in the proper circuit court. It was in proper form and content with its gravaman being:
7. On the 20th day of October, 1981, the Police Department, pursuant to Sections 943.41-44 F.S. (1980), discovered and seized the above described property at or near 901 Datura Street in the City of West Palm Beach, Palm Beach County, Florida under the following circumstances: The said Adam Harp did unlawfully violate Florida Statute 943.42 by concealing, possessing, or using a contraband article as the same is defined in Florida Statute 943.41 2(a) and F.S. 943.41 2(e), to wit: $5,300.00 in U.S. currency in that on or about October, 1981, the said Adam Harp did have in his possession certain contraband property to wit: $5,300.00 in U.S. currency, said property being, having been, or intended to be used in violation of F.S. Ch. 893 or having been used as an instrumentality in the commission of, or in aiding and abetting in the commission of a felony, to wit: conspiracy to traffic cocaine.
8. The following persons may claim an interest in the above described property pursuant to Section 943.44 F.S. (1980):
ADAM HARP
1382 10th Street
West Palm Beach, Florida 33401
It prayed merely for issuance of a rule to show cause. The police department then filed a notice of forfeiture wherein it notified the property claimant, Adam Harp, of a hearing upon its petition for rule to show cause. At the appointed time the police department and Adam Harp, by counsel, appeared before the circuit court. The opening and closing colloquy clearly shows an understanding of those concerned that the police department would have to present testimony and evidence so as to constitute a prima facie case as a basis for the issuance of a rule to show cause. It was further reflected that if the rule issued there would be a subsequent hearing at which time the parties could present evidence on the issues. It does not appear that the claimant objected to this procedure.
Three police officers testified. The proceeding resulted in a 68 page transcript. The property claimant did not testify or produce any witnesses.
The circuit court denied the police department’s petition, saying “the court finds no showing that moneys involved were used as defined in Section 9.32.701-704, Florida Statutes (1981).” The police department appeals.
It is basic, as a matter of constitutional law, that procedural due process must be afforded when the government takes private property belonging to a citizen. See generally 10 Fla.Jur.2d, Constitutional Law, § 263. And we feel that it is within our province to construe a statute, where possible, in a manner so that it will not conflict with the constitutional guarantee of due process in harmony with the principle that the legislature will be presumed to have intended to enact a valid and constitutional law. Smetal Corporation v. West Lake Inv. Co., 126 Fla. 595, 172 So. 58 (1936). To that end we feel justified here in construing Section 932.704, Florida Statutes (1981) to impliedly contain omitted specifics which due process necessitates.
*803 Taking the bull by the horns, we suggest that the legislature intended for the courts to employ a “rule to show cause” as, otherwise, it would not have used that term. We recognize that some feel that rules to show cause have been abolished in Florida. See Trawick, Florida Practice and Procedure § 9-2 (1979), or that such procedure is falling out of the vogue, Famiglietti dissent, supra. While they may be falling out of vogue, (and perhaps should be) we do not agree that they have been abolished. Indeed, as mentioned, the very statute under consideration employs a specified rule to show cause. For other examples where their use is specifically provided see Florida Rule of Appellate Procedure 9.100(f) and Florida Rule of Civil Procedure Form 1.916. It is true that in some procedural instances, rules to show cause have been supplanted by notice of hearing on a motion or petition signed by a lawyer. The difference, of course, is that the rule to show cause must be signed by a judge upon determining that the allegations of the petition are sufficient and not frivolous. For an encyclopedic review of rule to show cause procedures see 56 Am.Jur.2d, Motions, Rules, and Orders § 34 and 60 C.J.S., Motions and Orders § 20 et seq.
We think, following all the statutory notice requirements, the seizing agency should file a verified petition for a rule to show cause with the appropriate circuit court. The petition should be drawn in accordance with the provisions of Florida Rule of Civil Procedure 1.110(b). The seizing agency should then apply to the court ex parte for the issuance of the rule. If the petition states a cause of action for forfeiture the rule should issue without the necessity of taking testimony. The rule to show cause should be served on all persons claiming ownership as well as those claiming a security interest, along with a copy of the petition for rule to show cause. It should require those persons claiming an interest in the property to file a responsive pleading and to appear at time and place certain to show cause why the property should not be forfeited. The responsive pleading should admit or deny or explain the petition’s material allegations and should assert any affirmative defenses, all as provided by Florida Rule of Civil Procedure 1.110(e) and (e). Failure to respond will entitle the seizing authority to default as provided by Florida Rule of Civil Procedure 1.500. It is at that time that the forfeiture hearing will take place with respective parties presenting their evidence in accordance with the issues drawn by the pleadings with recognition of their respective burdens of proof.
Back to the initant case, the appellate points presented are:
Point I:
WAS THE TESTIMONY AND EVIDENCE PRESENTED TO THE COURT AT THE HEARING ON APPELLANT’S PETITION FOR RULE TO SHOW CAUSE SUFFICIENT TO ESTABLISH A PRIMA FACIE CASE SUCH AS WOULD REQUIRE THE ISSUANCE OF THE RULE TO SHOW CAUSE?
Point II:
WAS APPELLANT REQUIRED TO PRESENT EVIDENCE AND TESTIMONY TO SECURE THE ISSUANCE OF A RULE TO SHOW CAUSE UNDER FLORIDA STATUTES CHAPTER 932?
Upon our review and in consideration of what we have now said, we hold that the police department’s petition was sufficient to merit issuance of a Rule to Show Cause. We do not feel that the police department should have been required to present testimony as a basis for the issuance of the rule.
We reverse and remand with respectful instructions to issue the rule to show cause and for further proceedings consistent herewith.
Reversed and remanded with instructions.
ANSTEAD and HERSEY, JJ., concur.

. We note that there are other forfeiture statutes which do provide specific procedural guidelines. See Sections 116.25(2) and 562.40, Florida Statutes, (1981).