HERSEY, Judge.
In a prior criminal proceeding a motion to suppress evidence was granted as to the contraband the state alleges was involved with the vehicle here sought to be forfeited. Subsequently, in this civil matter the trial court held that the doctrine of collateral estoppel precluded the state from again litigating the issue of whether the evidence was illegally obtained,—that having been put to rest in the criminal case. On that basis the trial court entered a summary judgment and consequent final judgment requiring return of the vehicle to the claimant.
In a recent case we held that “the forfeiture proceeding should not be simply determined by the outcome of the criminal proceeding.” Wille v. Karrh, 423 So.2d 963 (Fla. 4th DCA 1982). Application of that rule here (and its applicability could not be more clear since that case involved facts substantially similar to those at bar) requires reversal of the final judgment.
A word seems in order, however, on the theory of the defense that because the evidence was suppressed in the criminal proceeding, application of the doctrine of collateral estoppel prevents the state from re-litigating the issue of whether that evidence was illegally obtained.
We begin with the proposition that the exclusionary rule applies in forfeiture proceedings although such a proceeding is civil in nature and is said to be quasi in rem. One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); In re 1972 Porsche 2 Dr., 307 So.2d 451 (Fla. 3d DCA 1975). Our holding does no violence to this precept.
Collateral estoppel is a creature of the civil rather than the criminal law and is peculiarly adapted to limit controversies so that an issue may be litigated only once between the same two parties. It is thus related to and included within the doctrine of res judicata. See 32 Fla.Jur.2d Judgments and Decrees §§ 96-100. The general rule is that an adjudication in a criminal case has no effect and is thus inadmissible in civil cases and vice versa. 32 Fla.Jur.2d Judgments and Decrees §§ 160-164. However, it could be argued that collateral es-toppel has a legitimate function in criminal adjudications as a corollary to the protection against double jeopardy. It is therefore appropriate that estoppel, if it applies at all, be required to rest upon jeopardy having attached in the first instance. State v. McCord, 402 So.2d 1147 (Fla.1981).
Thus, where evidence is suppressed in a criminal proceeding in such manner that the claimant in the civil forfeiture proceeding has not been subjected to jeopardy, there is no impediment to litigation in the latter proceeding of the issue of whether that same evidence was illegally seized. We specifically do not intend to imply by this reasoning that collateral estoppel precludes relitigation where jeopardy has attached, leaving that difficult issue for resolution in the appropriate case.
We hold that suppression of evidence in a criminal proceeding, where jeopardy has not attached (to the claimant of property sought to be forfeited), is neither relevant nor material and is therefore inadmissible in the civil forfeiture proceedings.
REVERSED and REMANDED.
HURLEY, J., concurs.
ANSTEAD, J., concurs specially with opinion.