432 So.2d 1382 (1983)
In re Forfeiture of APPROXIMATELY FORTY-EIGHT THOUSAND NINE HUNDRED DOLLARS ($48,900.00) IN U.S. CURRENCY and Other Personal Property.
No. 81-1945.
District Court of Appeal of Florida, Fourth District.
June 22, 1983.
*1383 Bruce W. Jolly of Shailer & Purdy, Fort Lauderdale, for appellant/cross appellee-Town of Davie.
Jerold H. Reichler of Law Offices of Fleisher & Reichler, Miami Beach, for appellee/cross appellant-Richard B. Chaiken.
HURLEY, Judge.
This appeal emanates from a forfeiture proceeding pursuant to the "Florida Contraband Forfeiture Act," Sections 943.41-44, Florida Statutes (Supp. 1980).[1] After considering the procedures which govern forfeiture actions, we conclude that the proceedings below were flawed to such an extent that we must reverse.
The Town of Davie initiated this case by filing a Complaint for Rule to Show Cause and for Final Order of Forfeiture. It sought the forfeiture of: $48,900.00 in U.S. currency, a Kenmore trash compactor and two scales. Prior to filing the complaint, the Town fulfilled the appropriate notice requirements of section 932.704, Florida Statutes (1981).[2] Later, during a status hearing, the parties indicated that they were uncertain as to how to proceed and, at the trial court's suggestion, they agreed to file affidavits. Accordingly, the Town submitted affidavits executed by two of its police officers, which detailed the execution of the search warrant and the subsequent seizure of the property now sought to be forfeited. In response, Richard B. Chaiken, the claimant, moved to strike these affidavits on the basis that the search warrant failed to establish probable cause to justify the intrusion into the home. The claimant also filed a copy of a circuit court criminal division order which found the search warrant in question to be fatally defective. Without indicating whether it relied on the criminal division suppression order, the trial court granted the claimant's motion to *1384 strike and dismissed the forfeiture complaint. The dismissal, however, was without prejudice; the court granted the Town twenty days to amend its complaint. The Town elected not to amend and requested a final order from which it now appeals.
We begin our analysis by reviewing the procedures which govern forfeiture actions. The Florida Contraband Forfeiture Act, though restructured in part,[3] continues to employ many of the procedures first specified in the Florida Comprehensive Drug Abuse Prevention and Control Act, sections 893.01-.15, Florida Statutes (1973). Among these procedures is the requirement that the seizing authority initiate the forfeiture action by filing a petition for a rule to show cause.[4] We recently reaffirmed the efficacy of this procedure in In re Forfeiture of Five Thousand Three Hundred Dollars ($5,300.00), 429 So.2d 800 (Fla. 4th DCA, 1983), and held that "the rule to show cause must be signed by a judge upon determining that the allegations of the petition are sufficient and not frivolous." Id. at 803. We also specified that
following all the statutory notice requirements, the seizing agency should file a verified petition for a rule to show cause with the appropriate circuit court. The petition should be drawn in accordance with the provisions of Florida Rule of Civil Procedure 1.110(b). The seizing agency should then apply to the court ex parte for the issuance of the rule. If the petition states a cause of action for forfeiture the rule should issue without the necessity of taking testimony. The rule to show cause should be served on all persons claiming ownership as well as those claiming a security interest, along with a copy of the petition for rule to show cause. It should require those persons claiming an interest in the property to file a responsive pleading and to appear at time and place certain to show cause why the property should not be forfeited. The responsive pleading should admit or deny or explain the petition's material allegations and should assert any affirmative defenses, all as provided by Florida Rule of Civil Procedure 1.110(c) and (e). Failure to respond will entitle the seizing authority to default as provided by Florida Rule of Civil Procedure 1.500. It is at that time that the forfeiture hearing will take place with respective parties presenting their evidence in accordance with the issues drawn by the pleadings with recognition of their respective burdens of proof.
Id. at 803.
A forfeiture proceeding such as the case at bar is a civil in rem proceeding.[5] *1385 See In re Forfeiture of a 1981 Ford, 432 So.2d 732 (Fla. 4th DCA 1983); In re Forfeiture of Five Thousand Three Hundred Dollars ($5,300.00), supra; Wille v. Karrh, 423 So.2d 963 (Fla. 4th DCA 1982); Mark v. State, 416 So.2d 872 (Fla. 5th DCA 1982); City of Tallahassee v. One Yellow 1979 Fiat, 414 So.2d 1100 (Fla. 1st DCA 1982). The burden of proof in a forfeiture proceeding is allocated in the following manner: The governmental entity seeking forfeiture bears the initial burden of going forward, but it must only show probable cause that the res subject to forfeiture was illicitly used within the meaning of the forfeiture statute. Once the governmental entity has established probable cause, the burden shifts to the claimant to rebut the probable cause showing or, by a preponderance of the evidence, to establish that the forfeiture statute was not violated or that there is an affirmative defense which entitles the claimant to repossession of the item.[6]See section 932.703(2)-(3), Florida Statutes (1981); see also United States v. One 1974 Porsche 911-S, 682 F.2d 283 (1st Cir.1982); United States v. Eighty-three Thousand Three Hundred and Twenty Dollars ($83,320.00), 682 F.2d 573 (6th Cir.1982); United States v. Four Million Two Hundred and Fifty-five Thousand Six Hundred and Twenty-five Dollars and Thirty-nine Cents ($4,255,625.39), 551 F. Supp. 314 (S.D.Fla. 1982); United States v. One 1981 Cadillac Eldorado, 535 F. Supp. 65 (N.D.Ill. 1982); United States v. One 1976 Cadillac Seville, 477 F. Supp. 879 (E.D.Mich. 1979).[7]
Civil forfeiture proceedings are also characterized as quasi-criminal in nature because of the severe penalties attached to violation of forfeiture statutes. As a result, evidence uncovered in violation of the Fourth Amendment as applied to state proceedings through the Fourteenth Amendment must be excluded from consideration. One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). Therefore, the governmental entity seeking forfeiture must establish probable cause for violation of the forfeiture act without benefit of evidence obtained in violation of the Fourth and Fourteenth Amendments. United States v. One 1976 Cadillac Seville, supra. An illegal search and seizure, however, does not immunize the goods from forfeiture. United States v. Eighty-eight Thousand Five Hundred Dollars ($88,500.00), 671 F.2d 293, 297 (8th Cir.1982) (quoting John Bacall Imports, Ltd. v. United States, 412 F.2d 586 (9th Cir.1969)). The seizing authority may establish probable cause for a violation of the forfeiture statute on the basis of untainted evidence, derived independently of that evidence which was gathered illegally. United States v. Twenty-two Thousand Two Hundred and Eighty-seven Dollars ($22,287.00), 520 F. Supp. 675 (E.D.Mich. 1981).
Even with the application of the foregoing constitutional protections, forfeiture proceedings are essentially civil in nature and, therefore, they are governed by *1386 the rules of civil procedure.[8]See, e.g., In re Forfeiture of Five Thousand Three Hundred Dollars ($5,300.00), supra. It follows that Rule 1.510, Fla.R.Civ.P., the summary judgment rule, is available to any party to a forfeiture proceeding. Accord United States v. One Tintoretto Painting, 691 F.2d 603 (2d Cir.1982); United States v. One 1974 Porsche 911-S, supra; United States v. One 1975 Mercedes 280S, 590 F.2d 196 (6th Cir.1978); United States v. One 1976 Cadillac Seville, supra.
The record in the case at bar reflects that the trial court and parties were uncertain as to which rules of procedure should govern. In this respect, we should note that the trial court did not have the benefit of several recent decisions which have attempted to clarify this area of the law. With that in mind, and putting aside the nomenclature used by the trial court, it appears that the court may have intended to grant summary judgment in favor of the claimant. It is unclear whether the court applied the doctrine of collateral estoppel and relied upon the criminal division's suppression order  which would violate this court's decisions in In re Forfeiture of a 1981 Ford, supra; Wille v. Karrh, supra  or whether the court made an independent determination of the validity of the search warrant. In either case, summary judgment would not be consistent with the court's decision to allow the Town of Davie to amend and replead its complaint within twenty days. Given the confusion in this case, we believe that the interests of justice would be best served by reversing and remanding with instructions to permit the Town to file a verified petition and thereafter hold further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.
NOTES
[1] The Act was transferred without significant revision to sections 932.701-.704, Florida Statutes (1981). All subsequent citations will be to the renumbered statute.
[2] Section 932.704, Florida Statutes (1981), calls for a published notice of the forfeiture proceeding in a newspaper of general circulation for two consecutive weeks or notice by registered mail to known owners of the seized property and to those holding perfected security interests. This notice must be mailed or first published at least four weeks prior to the filing of the petition for the rule to show cause.
[3] See In re Forfeiture of One 1973 Mercedes Benz, 423 So.2d 535 (Fla. 4th DCA 1982).
[4] The requirement of a petition for a rule to show cause, as opposed to a complaint, is an example of where the state procedure differs from the procedure followed under the analogous federal acts; i.e., the Comprehensive Drug Abuse Prevention and Control Act of 1970, § 511, 21 U.S.C. § 881 (1982); the Contraband Seizure Act, § 2, 49 U.S.C. § 782 (1982). Under the federal scheme, contraband seized pursuant to the several contraband acts is proceeded against under Supplemental Rule C of the Federal Rules of Civil Procedure. This rule permits the filing of a complaint for forfeiture with the clerk of the court. The clerk, in turn, issues a warrant for seizure of the alleged contraband, if it has not been previously seized as evidence in a criminal proceeding. At this point, notice of forfeiture by publication or mail is given specifying the time in which an answer must be filed. Interested parties must respond by filing a claim within ten days after receipt of process, asserting their interest and right to possession. Within twenty days after filing of the claim, an answer to the forfeiture complaint is due. See generally United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in United States Currency, ___ U.S. ___, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983). Subsequent to these summary proceedings, the Federal Rules of Civil Procedure apply with full force to the forfeiture action as do the forfeiture procedures provided for in the Tariff Act of 1930 §§ 102, 602, 19 U.S.C. §§ 1202, 1602. The latter's applicability are mandated in the federal contraband acts. See 21 U.S.C. § 881(b), 49 U.S.C. § 784. This includes 19 U.S.C. § 1615 which details the parties' burdens of proof in forfeiture proceedings. United States v. One 1975 Mercedes 280S, 590 F.2d 196, 199 (6th Cir.1978) (per curiam).
[5] For a general discussion of the historical background and present-day context of forfeiture proceedings, see United States v. One Tintoretto Painting, 691 F.2d 603 (2d Cir.1982); United States v. One 1976 Mercedes Benz 2808, 618 F.2d 453 (7th Cir.1980).
[6] Once a petition for rule to show cause has been filed and issued, the claimant has an opportunity to recover possession of the seized article by means of the forfeiture proceeding and it becomes his exclusive mode of recovery. § 932.703, Fla. Stat. (1981). It follows, therefore, that if a court enters summary judgment in favor of a claimant, it should, as part of the judgment, order the return and exercise its powers to enforce the return of the seized item or that interest in it to which the claimant is entitled. Sawyer v. Gable, 400 So.2d 992 (Fla. 3d DCA 1981).
[7] It is readily apparent that we place great reliance upon federal case authority. In addition to the compelling logic of these cases, we believe our reliance is justified in light of the Florida Supreme Court's observation in Griffis v. State, 356 So.2d 297, 299 (Fla. 1978), that

[t]he legislative intent in enacting Chap. 73-331 § 12 Laws of Florida, contained in the introductory language to the act, was inter alia, to achieve "uniformity between the laws of Florida and the laws of the United States" which was "necessary and desirable for effective drug abuse prevention and control." ... The express intent of the Legislature was that the Florida forfeiture statute be in uniformity with its federal counterpart.
[8] Florida has yet to decide whether the parties in a forfeiture action are entitled to trial by jury on the issue of independent untainted evidence to establish probable cause, or upon such other issues sought by the claimant to be proved by a preponderance of the evidence. See United States v. One 1976 Mercedes Benz, 280S, supra, applying the Seventh Amendment right to jury trial in federal forfeiture proceedings, but see Van Oster v. State of Kansas, 272 U.S. 465, 469, 47 S.Ct. 133, 135, 71 L.Ed. 354 (1926), for the proposition that state forfeiture statutes are not constitutionally vulnerable because they do not afford a right to jury trial.