LETTS, Judge.
This appeal by the City of West Palm Beach arises because the trial judge found:
No probable cause exists, based on the above stipulated facts, for the issuance of a Rule to Show Cause under the provisions of Florida Statutes Sections 932.701 —932.704.
We reverse.
The stipulated facts referred to were: On March 1,1982, the owner of the above vehicle, Frank Joseph Boltri, did, while sitting in the above vehicle, commit the felony offense of Lewd and Lascivious Acts in the presence of a child under the age of fourteen (14) years of age. The said Frank Boltri drove the above vehicle to the scene of the above offense, opened the vehicle door, exposed his penis to two (2) females under the age of fourteen and then left the scene in the above vehicle. A similar offense involving the same vehicle, same owner, and same location had occurred some three to four months earlier. In addition, the tag number and vehicle description was obtained a week after the March 1,1982 incident when the vehicle and owner were once again observed in the same location as the incident of March 1, 1982 by one of the same young females.
*374 Based on the above, we simply cannot agree with the trial judge and we are of the opinion that a rule to show cause should have been issued predicated on the likelihood that this vehicle had been used as an instrumentality during the commission of a felony. The automobile in this instance did more, much more, than serve as transportation to and from the scene of the crime. Indeed it was used literally as a substitute for the classic trenchcoat.
Accordingly upon the authority of In re Forfeiture of United States Currency in the Amount of Five Thousand Three Hundred Dollars, 429 So.2d 800 (Fla. 4th DCA 1983) and In re Forfeiture of Approximately Forty-Eight Thousand Nine Hundred Dollars, 432 So.2d 1382 (Fla. 4th DCA 1983), we REVERSE AND REMAND IN ACCORDANCE HEREWITH.
DOWNEY and DELL, JJ., concur.