ORFINGER, Chief Judge.
The issue on appeal is whether an operable short-barreled shotgun, the possession or ownership of which is a third-degree felony (section 790.221, Florida Statutes, [1981]), is “contraband” under section 932.701(2)(e), Florida Statutes (1981), so as to cause the forfeiture of the pick-up truck in which that short-barreled shotgun is transported, carried, concealed, possessed, etc. § 932.702, Florida Statutes (1981).[1]
Under the Florida Contraband Forfeiture Act, “contraband,” as pertinent here, is defined in section 932.701(2)(e) as:
Any personal property, including but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, or currency which has been or is actually employed as an instrumentality in the commission of, any felony.
Bergeron admits that it is illegal to possess a short-barreled shotgun, but argues that it is not “contraband” under the statute.
The trial court granted defendant’s motion to dismiss the rule to show cause on the stated ground that the shotgun was not contraband under section 932.701(2)(e) because it was not “personal property which is ‘actually employed as an instrumentality in the commission of a felony,’ but rather is personal property the possession of which is the felony itself.” We reverse.
An “instrument,” in the context used here, is defined as “a means by which something is done; agency.” The American Heritage Dictionary of the English Language (1979). An “instrumentality” has been defined as:
A condition of being an instrument; a subordinate or auxiliary agency; agency of anything as means to an end; anything used as a means or agency; that which is instrumental; the quality or condition of being instrumental, [emphasis added].
44 C.J.S. at p. 422 (1945). The short-barreled shotgun is thus the means or instrument by which the crime of possession of that forbidden article is committed, and it is thus the instrumentality of the crime. Therefore, it is a contraband article as defined by section 932.701(2)(e).
Additionally, the complaint for forfeiture alleged that the truck itself was “contraband” under the statute and thus subject to forfeiture, and we agree that the rule to show cause could also have been sustained on this ground. Under the facts admitted to be true for the purpose of the motion to dismiss, the truck was being used as an instrumentality in the commission of, or in aiding or abetting in the commission of the felony of possession of a short-barreled shotgun. See In re: Forfeiture of 1978 Ford Fiesta, etc., 436 So.2d 373 (Fla. 4th DCA 1983); Williams v. Miller, 433 So.2d 33 (Fla. 5th DCA 1983). Cf. Crawford v. Sheriff of Orange County, Florida, 441 So.2d 646 (Fla. 5th DCA 1983).
*1025 The order dismissing the rule to show cause is reversed, and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. § 932.702, Florida Statutes (1981), provides that:
It is unlawful:
(1) To transport, carry, or convey any contraband article in, upon, or by means of any vessel, motor vehicle, or aircraft.
(2) To conceal or possess any contraband article in or upon any vessel, motor vehicle, or aircraft.
(3) To use any vessel, motor vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.
(4) To conceal or possess any contraband article.