LEHAN, Judge.
In this forfeiture case, the respondent contends that the sheriff was guilty of laches in not promptly filing his complaint for a rule to show cause as required by section 932.704, Florida Statutes (1981). The complaint was filed fourteen months after the seizure of the boat and nine months after the resolution of the drug-related criminal charges which resulted from this incident.
The sheriff argues two points regarding respondent’s contention: (1) laches did not exist and (2) respondent did not assert lach-es as an affirmative defense under Florida Rules of Civil Procedure 1.110(d) and 1.140(h). Since respondent did not file any responsive pleading, the sheriff argues that the affirmative defense of laches was waived.
We agree with the sheriff and the trial court that laches did not exist since respondent did not show (or claim) that he was prejudiced from the delay in filing the complaint. Therefore, we do not reach the second point raised by the sheriff.
The Fourth District Court of Appeal, in a very helpful undertaking to clari *1089 fy the murky subject of governmental forfeiture actions, said that “forfeiture proceedings are essentially civil in nature and, therefore are governed by the rules of civil procedure.” In re Forfeiture of Approximately $48,900 in U.S. Currency and Other Personal Property, 432 So.2d 1382, 1385-86 (Fla. 4th DCA 1983). In that same case the Fourth District also noted that in In re Forfeiture of United States Currency in the Amount of $5,300.00, 429 So.2d 800 (Fla. 4th DCA 1983), it had said that the rule to show cause issued by the trial court
should require those persons claiming an interest in the property to file a responsive pleading ... [which] should admit or deny or explain the petition’s material allegations and should assert any affirmative defenses, all as provided by Florida Rule of Civil Procedure 1.110(c) and (e).
432 So.2d at 1384. Accordingly, although we need not rule on the point, it would appear that the preferred, whether or not the required, procedure to be followed in this type of case by one claiming an interest in seized property would be to file a responsive pleading in accordance with rule 1.140, even if not required by the rule to show cause. At least respondents in forfeiture actions should no longer be in a position to contend that they did not have notice to do so.
We find respondent’s remaining contention on appeal to be without merit.
AFFIRMED.
OTT, C.J., and HOBSON, J., concur.