490 So.2d 250 (1986)
Richard P. WILLE, As Sheriff of Palm Beach County, Florida, Petitioner,
v.
William CASTRO and Arias A. De Jesus, Respondents.
No. 85-1797.
District Court of Appeal of Florida, Fourth District.
July 2, 1986.
James H. Hicks of McKeown and Gamot, P.A., Palm Beach, for petitioner.
No appearance for respondents.
PER CURIAM.
We treat this non-final appeal as a petition for writ of certiorari. Petitioner, the Sheriff of Palm Beach County, seeks forfeiture of an automobile and $5,000 currency under the Florida Contraband Forfeiture Act. In accordance with Section 932.704, Florida Statutes (1983), petitioner published the notice of the forfeiture proceedings prior to filing the petition for a rule to show cause. After the trial court issued the rule to show cause, petitioner mailed copies to each of the respondents by registered or certified mail with postage prepaid addressed to their last known address. The envelopes were returned undelivered because the addressee was either unknown at the address or had moved without leaving a forwarding address. Thereafter, petitioner made no further attempt to serve respondents. When petitioner moved for a default judgment, he argued that he had given the notice required by the above statute and had exerted a reasonable effort to furnish each of the respondents with a copy of the rule to show cause. In denying the motion, the trial court stated in its order:
To the extent that there may remain any question, however, this Court expressly holds that in forfeiture proceedings under Section 932.704, Florida Statutes, the Court acquires jurisdiction to determine the rights to the property which is the subject of the forfeiture proceeding only as to those persons or entities who have submitted themselves to the jurisdiction of the Court or who have been properly served with process issued by the Court or clerk in accordance with the Rules of Civil Procedure or Chapters 48 and 49 of Florida Statutes.
Petitioner now seeks review of this order.
Aside from being labeled a "procedural quagmire," see In Re: Forfeiture of U.S. Currency in the Amount of $5,300, 429 So.2d 800 (Fla.4th DCA 1983), forfeiture proceedings have been labeled both an in *251 rem proceeding, In Re: $48,900 in U.S. Currency, 432 So.2d 1382 (Fla.4th DCA 1983), and a quasi in rem proceeding, In Re: Forfeiture of a 1981 Ford Auto, 432 So.2d 732 (Fla.4th DCA 1983). It is constitutionally required that procedural due process be afforded when the government takes private property belonging to a citizen:
Due process requires that notice of an action be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.
Winters v. Working, 510 F. Supp. 14, 17 (W.D.Tex. 1980).
This court carefully outlined the procedures necessary to afford due process in In Re: Forfeiture of U.S. Currency in the Amount of $5,300, supra:
We think, following all the statutory notice requirements, the seizing agency should file a verified petition for a rule to show cause with the appropriate circuit court. The petition should be drawn in accordance with the provisions of Florida Rule of Civil Procedure 1.110(b). The seizing agency should then apply to the court ex parte for the issuance of the rule. If the petition states a cause of action for forfeiture the rule should issue without the necessity of taking testimony. The rule to show cause should be served on all persons claiming ownership as well as those claiming a security interest, along with a copy of the petition for rule to show cause. It should require those persons claiming an interest in the property to file a responsive pleading and to appear at time and place certain to show cause why the property should not be forfeited. The responsive pleading should admit or deny or explain the petition's material allegations and should assert any affirmative defenses, all as provided by Florida Rule of Civil Procedure 1.110(c) and (e). Failure to respond will entitle the seizing authority to default as provided by Florida Rule of Civil Procedure 1.500. It is at that time that the forfeiture hearing will take place with respective parties presenting their evidence in accordance with the issues drawn by the pleadings with recognition of their respective burdens of proof.

Id. at 803 (Emphasis added).
How should adequate notice be given in a forfeiture proceeding? Section 932.704, Florida Statutes (1981), provides that the seizing agency shall give notice of the forfeiture proceedings by registered mail and shall publish such notice prior to application to the court for the issuance of a rule to show cause. The mailing and publication of this notice is not itself process of the court nor does it confer jurisdiction over those persons served or named. Rather, it is the rule to show cause issued by the court which becomes the court process. We hold that notice should be given by way of service of the rule to show cause in accordance with Chapters 48 and 49 of the Florida Statutes. We hasten to point out to the Sheriff that our holding today does not require personal service on respondents. Rather, petitioner need only comply with Chapter 49, Florida Statutes, which allows service of process by publication in order to fulfill the constitutional requirements of due process. Since we are in agreement with the trial court that due process mandates either personal, substituted or constructive service of the rule to show cause, we deny the petition for writ of certiorari.
CERTIORARI DENIED.
GLICKSTEIN, DELL and GUNTHER, JJ., concur.