SMITH, Chief Judge.
Appellant, Charlie James Wright, seeks review of a final judgment of forfeiture of $62,200 in United States currency entered in favor of appellee, Florida Department of Highway Safety & Motor Vehicles (seizing agency). We affirm for the reasons set out below.
On July 11, 1986, Barney J. Stallworth, a state highway trooper, stopped a rental car which was being driven at an excessive speed on Interstate 10 and in which appellant was a passenger. The driver immediately exited the vehicle, produced a Florida driver’s license, and told Stallworth that her boyfriend, appellant, had rented the vehicle. Stallworth then walked around to the passenger’s side of the vehicle, at which point appellant opened the door and gave him a copy of the rental agreement. Stallworth observed that the car was rented to William Hasty of Fort Lauderdale, Florida and that the date for returning the car was three days past due. Appellant explained that a friend had rented the car for him because he did not have any major credit cards. At that point, Stallworth asked appellant and the driver who was already outside the automobile to stand back to the rear, and he then proceeded to search the vehicle where he found a small amount of stems, pieces, and seeds of marijuana on the floorboard of the vehicle and a small packet of cocaine inside the glove compartment.
Stallworth then removed the keys from the ignition and stepped to the rear of the vehicle where he asked appellant to open the trunk. As soon as appellant opened the trunk, Stallworth observed a zipped-up garment bag. He unzipped the bag and discovered that it contained another bag. He opened this second container, which was a California shopping bag, and found within it $62,200 in U.S. currency secured by rubber bands. Both occupants spontaneously stated that they had found the money in a motel room in Mobile, Alabama. They were immediately placed under arrest for possession of cocaine.
At the patrol station, Stallworth searched the driver’s purse which revealed a cocaine kit and %o of a gram of marijuana. A narcotics dog was called in on the case, and it alerted on the floorboard and trunk of the automobile and on the money. Stall-worth requested the assistance of Deputy Johnson, Escambia County Sheriff’s Department, to interrogate the suspects while he booked them. They told Johnson that they had found the money in a motel room and that they believed it to be drug money. *354 The driver of the vehicle stated that upon finding the money and fearing for their safety, they rented another motel room to protect themselves from the owner of the money whom they believed to be a drug dealer. Deputy Johnson checked with the motel personnel who told him that both of the motel rooms had been rented at the same time, and this information was confirmed by the motel receipts themselves.
At the forfeiture hearing, appellant testified that until this incident, he had been a Ft. Lauderdale fireman and had also worked part-time for Sears. He stated that part of the money came from a loan from his sister and the remainder from his earnings which he received from his two jobs. He further testified that he had planned to purchase several Mercedes for resale from Floyd Johnson, but that he had never sold cars occupationally prior to this time. Appellant explained that he told the officers he had found the money because he “didn’t want [them] to think [he] was robbing the 711’s and grocery stores all down the coast,” and that he did not think the officers would have believed that he had brought the money with him from Ft. Lauderdale.
The trial court entered a final judgment of forfeiture in favor of the seizing agency. Thereafter, appellant filed a motion for a rehearing which included an affidavit of Floyd Johnson. The trial court denied the motion for rehearing, specifically stating that appellant had the opportunity to present Johnson’s testimony at the hearing.
The threshold issue presented on appeal is whether Trooper Stallworth had probable cause to search the automobile in which the seized currency was found. Initially we note that the Fourth Amendment exclusionary rule is applicable in forfeiture proceedings. One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); In re Forfeiture of 1981 Ford Automobile, 432 So.2d 732 (Fla. 4th DCA 1983); and In re Forfeiture of 1972 Porsche, 307 So.2d 451 (Fla. 3d DCA 1975).
The rental car in which appellant was a passenger was stopped for speeding, following which Stallworth discovered that someone, other than the occupants, had rented the car and that it should have been returned to the rental place three days earlier. Stallworth did not call the rental company or run a computer check on the car to see whether it had been reported stolen or as not being returned on time. We agree with appellant that these facts do not provide probable cause to search the vehicle.
However, appellee asserts that the search was valid based on Stallworth’s observation of marijuana residue in plain view before he searched the vehicle. On this point, Stallworth testified:
I asked both of the subjects, which Ms. Middleton was already near the rear, but I asked both of them to stand back to the rear of the vehicle. I looked inside the vehicle and there appeared to be small amounts of stems and pieces and seed of marijuana inside on the floorboard. I looked inside on the — inside of the glove box, and a sunvisor, et cetera. I removed a small packet of cocaine from the left side of the glove box. I then removed the keys and stepped to the rear and asked Mr. Wright to open the trunk for me.
The above language is ambiguous, in that there is no reference as to Stallworth’s exact location when he observed the marijuana residue; i.e., there is no specific statement explaining whether he was outside the vehicle or inside it when he first saw the incriminating evidence. Very clearly, however, the trial court was aware that the seizing agency was relying on the plain view doctrine to support a finding of probable cause. During direct examination of Stallworth at the forfeiture hearing, the seizing agency proffered him as an expert in the detection of marijuana by sight and smell. Defense counsel objected, and the following colloquy took place:
MR. GRASS [defense counsel]: Judge, I’m going to interpose an objection. I don’t see where this is material or relevant to this case. This case deals with a few grams of cocaine in a glove compartment. There is no testimony in this case *355 about any marijuana being observed in plain view and there is not going to be any testimony in the case about cocaine being utilized where Mr. Stallworth or a canine dog could smell it. I just don’t see where this material are [sic] relevant. MR. SLINGERLAND [counsel for seizing agency]: Your Honor, there was— there will be testimony that in addition to the cocaine found, there was marijuana in plain sight. And I’m just attempting to qualify Mr. Stallworth ... as an expert in that aspect of it.
COURT: In what aspect?
MR. SLINGERLAND: I’m attempting to qualify him as an expert in the detection of marijuana by sight or smell.
Stallworth testified that in addition to receiving special training in the detection of marijuana, he had made between 2,500 and 3,000 drug arrests in his patrol career, several hundred of which were based on his observation of marijuana in plain view at a traffic stop. Accordingly, the trial court recognized Stallworth as an expert in this area.
Application of the plain view doctrine to the facts now before us is problematic because of the absence of specific testimony from the officer that the marijuana was seen by him before he entered the vehicle. However, that inference, as well as a contrary inference, can reasonably be drawn from the testimony actually presented. We therefore affirm the trial court’s ruling based on the well-established principle of law that it is the duty of an appellate court to interpret the evidence and all reasonable inferences and deductions capable of being drawn therefrom in the light most favorable to sustain the conclusions of the trial court. Shapiro v. State, 890 So.2d 344 (Fla.1980), cert. den., 450 U.S. 982, 101 S.Ct. 1519, 67 L.Ed.2d 818 (1981). We note that no Fourth Amendment violation was alleged in appellant’s written answer, nor was a motion to suppress filed in the trial court. Instead, the evidence before the trial court was presented during the course of the forfeiture proceedings, rather than at a motion to suppress hearing. So far as the record before us shows, furthermore, the Fourth Amendment argument now urged before this court by appellant was squarely presented to the trial court for the first time on motion for rehearing. This no doubt accounts for the nature of the evidence upon which appellant now seeks to have this court superimpose a Fourth Amendment analysis. As the party having the burden of establishing error on appeal, appellant clearly assumed the risk that his efforts in this court to elevate a factual ambiguity to the level of a constitutional defense would be resolved against him.
The second issue presented on appeal is whether the seizing agency has met its burden of showing that probable cause existed to believe that the $62,200 was illicitly used within the meaning of the forfeiture statute.
“Contraband article” means “any ... currency ... which has been, is being, or is intended to be used in violation of any provision of chapter 893 [drug abuse prevention and control act].” It also means “any ... currency ... which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.” It is unlawful to “conceal or possess any contraband article,” and “any contraband article ... may be seized and shall be forfeited.” Sections 932.701(2)(a) and (e), 932.702(4), and 932.703(1), Florida Statutes (1985).
The allocation of burden of proof and quantum of evidence required in forfeiture proceedings is as follows: *356 In re App. 48,900 Dollars in U.S. Currency, 432 So.2d 1382, 1385 (Fla. 4th DCA 1983). See also In re Forfeiture of 2,454 Dollars in US. Currency, 503 So.2d 370 (Fla. 1st DCA 1987); and Crenshaw v. State, 521 So.2d 138 (Fla. 1st DCA 1988).
*355 The governmental entity seeking forfeiture bears the initial burden of going forward, but it must only show probable cause that the res subject to forfeiture was illicitly used within the meaning of the forfeiture statute. Once the governmental entity has established probable cause, the burden shifts to the claimant to rebut the probable cause showing or, by a preponderance of the evidence, to establish that the forfeiture statute was not violated or that there is an affirmative defense which entitles the claimant to repossession of the item.
*356 The seized item in the present case is currency, which obviously is not per se contraband, but rather, at most derivative contraband. The seizing agency’s evidence to support probable cause consists of (1) ½8 of an ounce of cocaine, (2) a cocaine kit, (3) 6/io of a gram of marijuana, (4) small amount of stems, pieces, and seeds of marijuana, (5) dog alert on car and currency, and (6) inconsistencies in occupants’ statements which were made to Stallworth and Johnson as to the source of the money.
It hardly needs saying that probable cause is supported by less than prima facie proof but more than mere suspicion. In the present case, the amount of drugs found in the automobile and in the driver’s purse creates at best no more than a mere suspicion that the seized currency had been or was intended to be used in a drug transaction. However, the dog alert on the money and the occupants’ inconsistent statements as to the source of the money constitute a sufficient factual basis to support a probable cause determination. See Lobo v. Metro-Dade Police Department, 505 So.2d 621 (Fla. 3d DCA 1987).
Having concluded that the seizing agency has probable cause to believe that the seized currency was illicitly used within the meaning of the forfeiture statute, we now turn to the question whether appellant has established his entitlement to repossession of the money. Appellant is in a predicament, because he has presented conflicting stories as to the source and intended use of the money. Since the trial court exercised its discretion in denying the motion for a rehearing, which included the affidavit, no third party has corroborated appellant’s story. Under these circumstances, it was the province of the trial court, as fact finder, to resolve the conflicts in the testimony against appellant and in favor of the seizing agency.
Accordingly, the trial court’s final judgment of forfeiture of $62,200 in United States currency entered in favor of the seizing agency is AFFIRMED.
BOOTH and NIMMONS, JJ., concur.