PER CURIAM.
This is an appeal from a final summary judgment in a civil action seeking forfeiture of $31,252.00 in currency and one .357 caliber Smith and Wesson revolver, allegedly involved in a cocaine trafficking operation.
In prior criminal proceedings, appellee, Jose Villafranca, and one Domingo Garcia were charged with trafficking in cocaine. They filed a sworn motion to dismiss pursuant to rule 3.190(c)(4), Florida Rules of Criminal Procedure. No traverse was filed by the state and the motion was granted, the court basing its holding on a finding of “Entrapment as a Matter of Law.”
The City of Fort Lauderdale then brought its action for forfeiture of the items in question and appellee appeared as a claimant. In these proceedings the trial court applied the doctrine of collateral es-toppel and granted summary judgment for appellee, the claimant.
The issue on appeal is whether dismissal of a criminal proceeding based upon a “(c)(4)” motion precludes a governmental entity from later obtaining a forfeiture of the property involved in the allegedly criminal activity because of application of the doctrine of collateral estoppel.
We hold that it does not and reverse. As we explained in In re Forfeiture of a 1981 Ford Automobile, 432 So.2d 732 (Fla. 4th DCA), rev. denied, 441 So.2d 631 (Fla.1983), a criminal proceeding which is terminated without jeopardy having attached does not constitute a basis to apply collateral estoppel in a subsequent civil procedure seeking forfeiture of items of property which were involved in the allegedly criminal prior activity. See also Wille v. Karrh, 423 So.2d 963 (Fla. 4th DCA 1982). Jeopardy did not attach here. State v. Schafer, 376 So.2d 927 (Fla. 2d DCA 1979).
REVERSED AND REMANDED.
HERSEY, C.J., and GUNTHER and POLEN, JJ., concur.