COWART, Judge.
Apparently Florida’s insurance commissioner has seized certain pieces of computer equipment and, alleging the equipment was used in violation of section 932.702, Florida Statutes, has filed in the circuit court of Seminole County, Florida, a Petition for Rule to Show Cause and for a final order of forfeiture. The Petition for Rule to Show Cause prays that the circuit court issue a Rule of Show Cause requiring persons who may claim an interest in the equipment to show cause why it should not be forfeited. The petitioner in this Petition for Writ of Mandamus alleges that he is a person who claims an interest in the equipment and that he has tried repeatedly but unsuccessfully to obtain a hearing before the respondent circuit judge and petitions this court for a Writ of Mandamus to require the circuit judge to grant him a hearing in the forfeiture proceeding.
Forfeiture proceedings have been described as a “procedural quagmire”, see Wille v. Castro, 490 So.2d 250 (Fla. 4th DCA 1986), and the correct procedure to assure due process to persons claiming an interest in property sought to be forfeited is not clear. Wille v. Castro states that due process requires that notice be reasonably calculated to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. Wille recommended a procedure which includes service of the rule to show cause on all persons claiming ownership or a security interest in the property. The rule to show cause should require the filing of a responsive pleading by “those persons claiming an interest in the property” and should require them to appear at a time and place certain to show cause why the property should not be forfeited. A forfeiture hearing then takes place at which evidence is presented in accordance with the issues drawn by the pleadings. A forfeiture proceeding under the Florida Contraband Forfeiture Act, section 932.701-932.-704, Florida Statutes (1989), is an in rem proceeding. The petitioner may be a person who has a due process right to be heard at the evidentiary hearing or trial which should follow issuance of the Rule to Show Cause but this does not make him a “party” with a right to schedule a hearing.
We deny the Writ of Mandamus because the petitioner has not shown that the trial court is refusing to carry out a duty required by law. The petitioner is free to file a responsive pleading or paper to the petition for forfeiture in the pending forfeiture proceedings, giving notice of his claim of interest in the equipment sought to be forfeited and to serve a copy thereof on the petitioner in that cause so that he may be served with a copy of the Rule to Show Cause when it is issued by the circuit court and be given notice of the time and place of the hearing thereon and may present evidence in accordance with the issues framed by the pleading.
The Petition for Writ of Mandamus is
DENIED.
DAUKSCH and DIAMANTIS, JJ., concur.