DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RIC L. BRADSHAW,** in his official capacity as the
Sheriff of Palm Beach County,
Appellant,

v.

**ROBERT McCORMICK, JR.,**
Appellee.

No. 4D15-450

[January 6, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jack S. Cox and Meenu Sasser, Judges;[1] L.T. Case No. 2013CA008854.

Ian E. Robinson of Adams|Coogler, P.A., West Palm Beach, for appellant.

No brief filed for appellee.

GROSS, J.

This case reaffirms the principle that a plea bargain in a criminal proceeding does not determine the outcome in a related civil forfeiture proceeding.

Robert McCormick, Jr. was arrested for fleeing or attempting to elude a law enforcement officer in violation of one of the subsections of section 316.1935, Florida Statutes (2014). The subsections of the statute describe various types of fleeing, all of which are classified as felonies.

Subsection 316.1935(7) provides that "[a]ny motor vehicle involved in a violation of [section 316.1935] is deemed to be contraband, which may be seized by a law enforcement agency and is subject to forfeiture pursuant to ss. 932.701-932.704," the Florida Contraband Forfeiture Act. §

---

[1]Judge Cox was the trial judge who entered orders granting appellee's motion for summary judgment and denying a motion for rehearing. Subsequent to the entry of those orders, Judge Sasser performed the ministerial task of entering the summary final judgment.

932.701(1), Fla. Stat. (2014). One of the Forfeiture Act's definitions of a "contraband article" is "[a]ny . . . vehicle of any kind . . . which was used or was attempted to be used as an instrumentality in the commission of . . . any felony." § 932.701(2)(a)5., Fla. Stat. (2014).

Operating under the authority of subsection 316.1935(7), the Sheriff's Office filed a forfeiture complaint directed at McCormick's truck based on a violation of section 316.1935. *See* § 932.704(4), Fla. Stat. (2014). McCormick moved for summary judgment; the gist of his argument was that, in his criminal case, he pleaded guilty to a misdemeanor, not to any felony violation of section 316.1935. The circuit court granted McCormick's motion for summary judgment.

As the Sheriff argues, it was error for the circuit court to grant summary judgment in favor of McCormick based on his plea to a misdemeanor in the related criminal case.

Forfeiture proceedings are "civil in nature" and distinct from a criminal action. *Navarro v. Kohan*, 566 So. 2d 895, 895 (Fla. 4th DCA 1990). As a result, the judgment in a criminal proceeding "is not admissible" in a forfeiture proceeding. *Wille v. Karrh*, 423 So. 2d 963, 964 (Fla. 4th DCA 1982). The essence of the holding in *Wille* is that the seizing agency in a forfeiture proceeding is not bound by what happened in the related criminal proceeding, but has the opportunity to prove its case for forfeiture in the civil arena. *Id.*; *see also In re Forfeiture of a 1981 Ford Auto.*, 432 So. 2d 732, 733 (Fla. 4th DCA 1983) (holding that "where evidence is suppressed in a criminal proceeding in such manner that the claimant in the civil forfeiture proceeding has not been subjected to jeopardy, there is no impediment to litigation in the latter proceeding of the issue of whether that same evidence was illegally seized"). Even the dismissal of a criminal case pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) does not preclude a seizing agency from pursuing a civil forfeiture against property "involved in the allegedly criminal activity." *In re Forfeiture of $31,252.00 U.S. Currency*, 550 So. 2d 537, 538 (Fla. 4th DCA 1989).

Thus, in this case, even though McCormick pleaded guilty to a misdemeanor, the Sheriff has the chance to prove the existence of felony fleeing or eluding under section 316.1935 in the forfeiture proceeding.

We reverse the judgment in favor of McCormick and remand to the circuit court for further proceedings.

GERBER and KLINGENSMITH, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*