DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROMELIA RODRIGUEZ,**
Appellant,

v.

**GREGORY TONY, AS SHERIFF OF BROWARD COUNTY,**
Appellee.

No. 4D2024-1468

[November 12, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Shari Africk-Olefson, Judge; L.T. Case No. CACE23-001847.

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, for appellant.

Christian Tsoubanos, Senior Assistant General Counsel, and Colin Hayes, Assistant General Counsel, Broward Sheriff's Office, Fort Lauderdale, for appellee.

GROSS, J.

Romelia Rodriguez appeals a final summary judgment forfeiting $56,000 of United States currency seized from her Samsonite roller suitcase at a traveler checkpoint in the Fort Lauderdale International Airport. We reverse the summary judgment because the trial court based its ruling on an erroneous burden of proof.

In February 2023, Gregory Tony, as Sheriff of Broward County ("BSO"), filed a verified complaint for forfeiture pursuant to the Florida Contraband Forfeiture Act, §§ 932.701–932.7062, Fla. Stat. (the "Forfeiture Act"), related to the discovery and seizure of $56,000 in United States currency by the Broward County Narcotic Interdiction Task Force.[1]

---

[1] The Narcotic Interdiction Task Force is a multi-agency task force administered by BSO.

In November 2023, BSO moved for summary judgment. Regarding the burden of proof, BSO argued:

> In a forfeiture proceeding, the **governmental entity need only show probable cause that the res was illicitly used within the meaning of the Forfeiture Statute.** *In re Forfeiture of $48,900*, [432 So. 2d 1382 (Fla. 4th DCA 1983)]. **The burden then shifts to the claimant to rebut the probable cause demonstrated by the government with competent substantial evidence.** *In re Forfeiture of $48,900, supra, United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319 (5th Cir. 1981). Failure to rebut the government's probable cause results in the forfeiture of the property, and the court may forfeit the property based upon an unrefuted probable cause finding.
>
> * * *
>
> **It is apparent that a claimant contesting forfeiture may defend in either one or both of two ways: by refuting the government's showing of probable cause; and/or by producing affirmative evidence and show[ing], by a preponderance of the evidence, that the property subject to forfeiture was not involved in illegal activity.**

(Emphasis supplied).

The trial court granted the motion for summary judgment and entered a final order of forfeiture. The court found that the motion for summary judgment was "facially sufficient, reflect[ed] all elements [required] to support a forfeiture action and [wa]s supported by record evidence." This appeal ensued.

Both BSO and the trial court misapprehended the government's burden in a forfeiture trial, which requires the government to prove (1) beyond a reasonable doubt that contraband was being used in violation of the Forfeiture Act and (2) by a preponderance of the evidence that the owner of the property subject to seizure knew or should have known that such property was being employed, or was likely to be employed, in criminal activity. *See* §§ 932.704(8) & 932.703(7)(a), Fla. Stat. (2023).[2]

---

[2] The current version of section 932.704 became effective January 1, 2023.

2

The Florida legislature made "substantial changes" to the Forfeiture Act in 2016. *See* Fla. S. Comm. on Fiscal Policy (2016) Staff Analysis 1 (Mar. 2, 2016). One of the amendments was to section 932.704(8), which provides:

> **Upon proof beyond a reasonable doubt** that the contraband article was being used in violation of the Florida Contraband Forfeiture Act, the court shall order the seized property forfeited to the seizing law enforcement agency.

Ch. 2016-179, § 3, Laws of Fla. (Emphasis supplied).

In addition, section 932.703(7)(a) states:

> Property may not be forfeited under the Florida Contraband Forfeiture Act unless the seizing agency establishes by a preponderance of the evidence that the owner either knew, or should have known after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity.

§ 932.703(7)(a), Fla. Stat. (2016).

Consistent with these two statutes, we recognized in *Zarcadoolas v. Tony*, 353 So. 3d 638 (Fla. 4th DCA 2023), that a forfeiture proceeding consists of two stages:

> (1) the probable cause stage, where the seizing agency must establish probable cause to believe that the property at issue has been used in violation of the Forfeiture Act in order to justify the continued seizure of the property; and (2) the forfeiture trial, where the seizing agency must prove beyond a reasonable doubt that the property has been used in violation of the Forfeiture Act, and must prove by a preponderance of the evidence that the owner knew or should have known that the property was being used in criminal activity, in order to obtain title to the property.

*Id.* at 646–47.

The trial court failed to take into consideration the government's burden of proof in a forfeiture case and allowed BSO to meet its burden merely by showing probable cause that the cash was illicitly used within the meaning of the forfeiture statute.

BSO and the trial court relied on outdated law. As we explained in *Sanchez v. City of West Palm Beach*, 149 So. 3d 92, 95–96 (Fla. 4th DCA 2014):

> While now codified by sections 932.703 and 932.704, Florida Statutes (2013), this two-step approach to forfeiture proceedings has its origins in *Department of Law Enforcement v. Real Property,* 588 So. 2d 957 (Fla. 1991), a case concerning a due process challenge to the Act's then-current procedure. Prior to the *Real Property* decision, the above-mentioned seizure and forfeiture stages were truncated into a single proceeding, initiated either by the State within 90 days of the seizure or by the claimant in an action to recover the property. § 932.703(1), 932.704(1), Fla. Stat. (1991). At the proceeding, the "governmental entity seeking forfeiture b[ore] the initial burden of going forward" by demonstrating "probable cause that the *res* subject to forfeiture was illicitly used within the meaning of the forfeiture statute." *In re Approximately Forty–Eight Thousand Nine Hundred Dollars ($48,900.00) in U.S. Currency,* 432 So. 2d 1382, 1385 (Fla. 4th DCA 1983). If this hurdle was cleared, the burden then shifted to the claimant "to rebut the probable cause showing, or by a preponderance of the evidence, to establish that the forfeiture statute was not violated or that there is an affirmative defense which entitles the appellant to repossession of the item." *Lobo v. Metro–Dade Police Dep't,* 505 So. 2d 621, 623 (Fla. 3d DCA 1987).

Because BSO and the trial court misunderstood BSO's burden of proof at a forfeiture trial, and summary judgment was granted without BSO carrying its burden of proof under current law, we reverse the summary final judgment of forfeiture and remand to the circuit court for further proceedings consistent with this opinion. As to the other issues raised on appeal, we affirm without further comment.

*Affirmed in part, reversed in part, and remanded.*

SHEPHERD and SHAW, JJ., concur.

*    *    *

***Not final until disposition of timely-filed motion for rehearing.***