PER CURIAM.
These consolidated interlocutory appeals are from orders denying appellants’ motion to quash service of process in an action for specific performance and other equitable relief in which appellants are defendants and appellee is plaintiff.
It appears from the record that appellee requested that the sheriff serve appellant, Biscayne Athletic Club, Inc., a Florida corporation, by serving its “resident agent, Palmer and Lazor, P.A.”, as provided for in Section 48.081, Florida Statutes. The sheriff’s return shows that corporate service was made by serving Mr. Palmer, as resident agent of Biscayne Athletic Club, Inc.
Appellant, Stephen Reiner, a resident of the State of New York, was served in New York pursuant to Section 48.194 Florida Statutes which creates long-arm jurisdiction in the court of Florida based upon personal service.
Appellant, Biscayne Athletic Club, Inc. made a motion to quash the service upon it on the grounds that appellee failed to comply with the provisions of Section 48.081, Florida Statutes. The motion was supported by an affidavit reciting that Palmer and Lazor, P.A. is not the resident agent of the corporation. There was no rebuttal filed to the allegation in the affidavit.
*276 Appellant, Stephen Reiner, moved to quash service of process on him on the ground that the allegations of the complaint were insufficient to support long-arm jurisdiction of the person of the appellant. We find merit in the grounds asserted by both appellants and hold that the trial court erred in denying their motions to quash. Ludlam Enterprises, Inc. v. Outdoor Media, Inc., 250 So.2d 649 (Fla. 4th DCA 1971); Hoffman v. Three Thousand South Association, Inc., 318 So.2d 486 (Fla. 4th DCA 1975); Elmex Corp. v. Atlantic Federal Savings & Loan Ass’n, 325 So.2d 58 (Fla. 4th DCA 1976); Joyce Bros. Storage & Van Company v. Piechalak, 343 So.2d 97 (Fla. 3d DCA 1977); Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978), and Cosmopolitan Health Spa, Inc. v. Health Industries, Inc., 362 So.2d 367 (Fla. 4th DCA 1978).
The orders appealed are reversed.
Reversed.