MOORE, Judge.
Appellant appeals from an order granting appellee’s motion to dismiss its second amended complaint with prejudice. We reverse.
Appellee executed a personal guarantee agreement the pertinent portion of which stated “. . for and in connection with various aircraft loans that from time to time may be made between J & R Aircraft Sales, Inc. and National Financing Corporation, guarantee the prompt and full payment, to any holder hereof, of any amounts from time to time owing under various chattel mortgages or conditional sales contracts . . .” Appellant was the as-signee and holder of a conditional sales contract pursuant to which J & R Aircraft Sales, Inc. owed it the sum of $17,060.40. J & R Aircraft Sales, Inc. defaulted on the payments required under the contract and appellant brought this suit to recover a deficiency after repossession and sale of the collateral specified in the contract.
The issue before us is whether the complaint stated a cause of action. In ruling on a motion to dismiss a complaint for failure to state a cause of action the trial court must accept as true all well pleaded facts as well as all. reasonable inferences arising therefrom. Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla.1972). The pleadings in the second amended complaint below allege that appellant made a loan to J & R Aircraft Sales, Inc. and that appellee agreed to guarantee that loan. Attached to the second amended complaint is the conditional sale contract evidencing the obligation of J & R Aircraft Sales, Inc. to repay the loan to appellant. The conditional sale contract was security for the obligee’s debt to appellant for the purchase of a used aircraft. Although the contract indicates the president of J & R Aircraft Sales, Inc. as the seller, who thereafter assigned the contract to appellant, it was further alleged that the president was merely a conduit in a simultaneous transaction whereby the loan was made to J & R Aircraft Sales, Inc. in reliance upon the appellee’s guarantee. The second amended complaint also alleges default in payment, repossession and public sale, and a deficiency for which appellee is obligated.
In our opinion, appellant’s second amended complaint sufficiently alleges all of the essential elements of an action on a personal guarantee. Holding that the guarantor is entitled to a strict construction in working out the intent of the parties to the agreement the trial court found that the guarantee established the intent of the ap-pellee to guarantee only those loans between J & R Aircraft Sales, Inc. and National Financing Corporation. That is pre- *708 eisely what is alleged in the second amended complaint. The trial court’s reliance on Peoples Savings Bank and Trust Co. v. Landstreet, 80 Fla. 853, 87 So. 227 (1920) is misplaced. There the court held that in determining the intent of the parties to a guarantee agreement a liberal construction should be applied, and once that intent is determined, a strict construction should be employed in applying it to the facts as proved. Whether the provable facts will support the allegations is a burden of the appellant and should be submitted to the ultimate trier of fact. Appellant should, at least, have an opportunity to carry its burden.
Finding that the second amended complaint states a cause of action the trial court’s order dismissing it with prejudice is hereby reversed and this cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
BERANEK, J., and PACK, WALLACE R., Associate Judge, concur.