431 So.2d 350 (1983)
Randy MILLER, As Executive Director of the State of Florida, Department of Revenue, and Rudy Muckenfuss, As Property Appraiser of Marion County, Florida, Appellants,
v.
The BOARD OF PENSIONS OF the UNITED PRESBYTERIAN CHURCH IN the UNITED STATES OF AMERICA, Appellee.
No. 82-978.
District Court of Appeal of Florida, Fifth District.
May 19, 1983.
C. Ray Greene, Jr., of Greene & Greene, P.A., Jacksonville, for appellant Muckenfuss.
Jim Smith, Atty. Gen., and J. Terrell Williams, Asst. Atty. Gen., Tallahassee, for appellant Miller.
John Radey and M. David Alexander, III, and Elizabeth McArthur of Holland & Knight, Tallahassee, for appellee.
COBB, Judge.
In this appeal we are asked to review the constitutionality vel non of section *351 196.1975, Florida Statutes (1979), a tax exemption statute.[1] The relevant provisions of that statute provide:
§ 196.1975 Additional provisions for exempting property used by homes for the aged.  In addition to criteria for granting exemptions for charitable use of property set forth in other sections of this chapter, homes for the aged shall be exempt to the extent that they meet the following criteria:
(1) The applicant must be a Florida corporation not for profit that has been exempt as of January 1 of the year for which exemption from ad valorem property taxes is requested from federal income taxation by having qualified as an exempt organization under the provisions of section 501(c)(3) of the Internal Revenue Code of 1954 or of the corresponding section of a subsequently enacted federal revenue act.
* * * * * *
(4)(a) After removing the assessed value exempted in subsection (3), homes for the aged shall be deemed to be used for charitable purposes only to the extent that residency in the applicant home is restricted to or occupied by persons who have resided in the applicant home and in good faith made the State of Florida their permanent home for 5 years prior to January 1 of the year in which exemption is claimed....
* * * * * *
(7)(a) Each unit or apartment of homes for the aged which are owned and operated by a Florida corporation organized under the provisions of chapter 617 not exempted in subsections (3) or (4), which property is used by such homes for the aged for the purposes for which they were organized, shall be exempt from all ad valorem taxation, except for assessments for special benefits, to the extent of $5,000 of assessed valuation of such property for each apartment or unit:

1. Which is used by such homes for the aged for the purposes for which they were organized, and
2. Which is occupied on January 1 of the year in which exemption from ad valorem taxation is requested, by a person who resides therein and in good faith makes the same his or her permanent home.
(b) The exemption provided for in paragraph (a) shall be increased to $10,000 of assessed valuation for taxes levied by governing bodies of school districts, counties, municipalities, and special districts for each apartment or unit:
1. Which is used by such homes for the aged for the purpose for which they were organized, and
2. Which is occupied on January 1 of the year in which exemption from ad valorem property taxation is requested, by a person who is 65 years of age or older and who has resided therein and in good faith made the State of Florida his or her permanent home for the 5 consecutive years prior to such date. However, the requirement for 5 consecutive years' residence shall not apply to any person who has lived in the home for the aged on or before July 4, 1976.
(c)1. Each applicant home for an exemption under paragraph (a) shall file with the annual application for exemption an affidavit from each person who occupies a unit or apartment for which an exemption under said paragraph is claimed, stating that he or she resides therein and in good faith makes the same his or her permanent home.
2. Each applicant home for the increased exemption under paragraph (b) shall file with the annual application for exemption an affidavit from each person who occupies a unit or apartment for *352 which such increased exemption is claimed, stating that he or she was 65 years of age or older on January 1 of the year in which the exemption is claimed and that he or she has resided in the state for the 5 consecutive years prior to such date.

(d) The words "permanent home" as used in this section shall not be construed so as to require a continuous physical residence in such unit or apartment but means only that the person occupying such apartment or unit rightfully and in good faith calls it his or her home to the exclusion of all other places where he or she may, from time to time, temporarily reside. (Emphasis supplied.)[2]
The Board of Pensions of the United Presbyterian Church (hereinafter the Board) is a non-profit corporation incorporated in Pennsylvania. It owns property in Marion County, Florida. Since September 1, 1977, a retired church minister and his wife have resided in the home located on this property. In connection with the property, the Board applied to the Marion County property appraiser for an exemption from ad valorem property taxes for the year 1980, as provided by the above statute. The appraiser denied the Board's application. Incorporation in Florida is a criteria for qualification under sub-section (1) of the statute. Consequently, the Board, incorporated in Pennsylvania, did not qualify. The property appraiser admitted that his denial of the Board's application was solely because it was not a Florida corporation.
Subsequently, the Board brought an action against the State Department of Revenue, the Marion County Property Appraiser and Tax Collector (hereinafter Department) challenging the 1980 tax assessment against the property by attacking the constitutionality of section 196.1975, Florida Statutes (1979). The Board asked the court to declare the statute unconstitutional and to order the property appraiser to grant the requested exemption and assess the property accordingly for tax purposes.
The trial court conducted a hearing and rendered a final judgment in favor of the Board. In the final judgment, the court: (1) found the statute unconstitutional insofar as it treats foreign corporations differently from Florida corporations; (2) ordered the property appraiser to grant to the Board the section 196.1975 exemption; and (3) ordered the tax collector to refund to the Board the amount it paid in excess of the ad valorem taxes otherwise due if it had been granted the exemption. The Department timely appeals from this judgment.
The extent to which a state may treat foreign corporations differently from those incorporated in the state is discussed in Dept. of Revenue v. Amrep Corp., 358 So.2d 1343 (Fla. 1978). There, the Florida Supreme Court held unconstitutional as violative of the equal protection clause a statute which defined "affiliated groups" in such a way as to require that the common parent be incorporated in Florida or have its principal place of business in Florida to qualify for an intangible personal property tax exemption for intercompany receivables. The Department had argued two rational bases existed to uphold the discriminatory classification: (1) because the initial tax base of a Florida parent corporation is greater than that of a wholly out-of-state parent corporation; and (2) because the tax exemption fosters the goal of encouraging corporate conglomerates to establish headquarters in Florida. The Court rejected both of these explanations.
The Court in Amrep adopted and applied in the case a two-tier model for the application of the analysis of the equal protection clause to foreign corporations:
Where a nonresident makes a challenge to a state's tax scheme it must first be determined whether the classification discriminates against the nonresident in *353 such fashion as to unduly impinge upon our system of federalism which the Equal Protection Clause is intended to foster and protect along with the Commerce Clause and the Privileges and Immunities Clause. If no such impediment is found, the traditional test of a rational basis for the classification must then be applied. If the tax scheme fails to pass muster under either test, the statute must fall.
358 So.2d at 1353.
Under the first tier, the Board of Pensions maintains that just as the nation benefits from commercial enterprises able to do interstate business without the parochial impediments of state regulation, the country similarly benefits from charitable organizations practicing their benevolence across state boundaries. To discourage this activity solely because the organization is not incorporated in the state undermines the concept of federalism, the Board argues.
The Board suggests that even if the impact of federalism is negligible, the statute fails under the analysis of the second tier: the test of a rational basis for the classification. The Department's only argument for the disparate treatment of foreign corporations is that the statute is intended to grant an "indirect homestead exemption" to qualified permanent residents who are forced, because of health or age, to live in a home for the aged by providing ad valorem tax benefits directly to facilities owned by non-profit organizations. As such, appellant contends the equal protection clause is not violated by requiring the non-profit corporate owner to be a Florida corporation to qualify for this "homestead exemption." The Department emphasizes the similarity between the language of the statute and the homestead exemption provisions set forth in section 196.031, Florida Statutes (1979), to the extent that both types of benefits are expressly tied to age and duration of residency.[3]
The Department's argument that section 196.1975, Florida Statutes (1979), is intended as "an indirect homestead exemption" to Florida residents living in the home loses its force when considered in view of section 1 of that statute, which requires the owner to be a Florida corporation. Florida residents may live in a home for the aged which is owned by a foreign corporation. No rational basis exists to deny these residents this "indirect homestead exemption." Moreover, the Department assumes that the owner will pass the benefits of the tax break on to the residents of the home, a dubious assumption at best. If, in fact, the legislative purpose of section 196.1975, Florida Statutes (1979), is to provide an "indirect homestead exemption," there is no rational basis between that purpose and the disparate treatment of non-Florida corporations. To that extent, the statute is unconstitutional because there must be at least a rational basis for disparities in taxation to exist. Osterndorf v. Turner, 426 So.2d 539 (Fla. 1982) modified on rehearing, (Fla. Feb. 3, 1983).
The second issue on appeal concerns the intent of the trial court in regard to the years in which the Board should receive the exemption.
The language at issue in the final judgment is as follows:
2. The property appraiser of Marion County, Florida, the defendant, Rudy Muckenfuss, is ordered and directed to grant to the Board of Pensions the exemption provided in section 196.1975, Florida Statutes, for the years 1980 and 1981 and for such years thereafter as the Board of Pensions applies for the exemption and the exemption would otherwise be granted if the Board of Pensions were a Florida corporation.
In its complaint, the Board sought only to obtain the tax exemption for the year 1980, yet the Department interprets the final judgment as granting the exemption for the year 1981 and subsequent years, contrary to the fundamental rule that each year's tax assessment must be based on its own validity and not upon the assessment *354 of any prior or subsequent year. Overstreet v. Brickell LUM Corp., 262 So.2d 707 (Fla. 3d DCA 1972).
The Board, however, reads the final judgment differently. According to the appellee, the language reflects the court's determination that the statute's limitation to Florida corporations is unconstitutional and requires the property appraiser to apply the provision to the Board in the future as if the Florida corporation criterion did not exist. This interpretation is correct and as such should not render that aspect of the judgment erroneous.
Accordingly, the lower court's final judgment is
AFFIRMED.
SHARP and COWART, JJ., concur.
NOTES
[1] An affirmance in this case implicates Article V, Section 3(b)(1), of the Florida Constitution which provides:

(b) Jurisdiction.  The Supreme Court:
(1) Shall hear appeals from final judgments of trial courts imposing the death penalty and from decisions of district courts of appeal declaring invalid a state statute or a provision of the state constitution. [Emphasis added.]
[2] This statute has been amended since 1979; however, the amendments do not affect the outcome of this appeal. Among the changes, Ch. 81-219 § 13, Laws of Florida, deleted subsection (7)(d), which pertained to the construction of "permanent home," and Ch. 82-133 § 1, Laws of Florida, deleted subsection (7)(b), which provided for an increase under the exemption under this section.
[3] We do not address the constitutionality of the durational residency requirement of section 196.1975, Florida Statutes (1979), because the issue was not presented to the lower court.