PER CURIAM.
The city of Hallandale filed a complaint for injunction and declaratory relief against Gulfstream Park Racing Association, Inc. The complaint centers around the validity and application of Chapter 81-132, Laws of Florida, which purports to exempt parimutuel permit holders from city and county building and zoning regulations under certain conditions. Gulfstream filed a motion to dismiss which was granted with prejudice. No reasons were stated in the order of dismissal as to why amendments would be disallowed. We reverse.
In ruling on a motion to dismiss, the trial court must accept as true all facts well pleaded. National Financing Corporation v. Weiche, 371 So.2d 707 (Fla. 4th DCA 1979). In seeking a declaratory decree, the City was entitled to contest the interpretation and application of the statute. The defendant’s motion to dismiss dealt primarily with the constitutionality of the statute, and it appears that this is what the court ruled on below. Even if the statute were constitutional on its face, the City should have been allowed to raise Gulfstream’s alleged noncompliance with the statute and the disputed interpretation and application of the statute. The statute seems to exempt defendant from all local regulation unless it can be shown that the proposed project is an immediate hazard to the health and safety of municipal residents. There is doubt as to whether the plans for the project must be submitted to the City for approval in compliance with the local codes at least as to safety standards. In short, the City was entitled to proceed with the declaratory decree action even if the decree was to be adverse to the City’s interests. Talcott v. Central Bank and Trust Company, 220 So.2d 411 (Fla. 3d DCA 1969).
The motion to dismiss also raises the City’s failure to join the Florida Pari-Mutu-el Commission as an indispensable party. If the trial court dismissed the complaint for this reason, then the dismissal was proper. However, Gulfstream concedes in its brief that failure to join an indispensable party is grounds for a dismissal without prejudice. We reverse and remand this matter to the trial court with directions to allow the City to amend its complaint to join the commission and to make such other amendments as it sees fit. We conclude that the complaint did state a cause of action at least to the extent stated herein.
REVERSED AND REMANDED.
DOWNEY, BERANEK and HERSEY, JJ., concur.