DOWNEY, Judge.
This is a timely appeal from a final order denying the appellants’ “Amended Complaint for Rule to Show Cause and Final Order of Forfeiture” and ordering that the subject matter of the litigation, a 1975 Mercedes 450 SL, be returned to the appellee. The Amended Complaint for Rule to Show Cause was dismissed for failure to establish probable cause that the vehicle was used as an instrumentality or to facilitate the commission of a felony, or that it was used to transport contraband.
We believe a reversal of the order is required because the ultimate decision was premature, no doubt due to the absence of a clearly established procedure to be followed in forfeiture proceedings. The cases have only recently fleshed out the forfeiture statutes so that the procedure is elucidated. In In Re U.S. Currency in Amount of $5,300.00, 429 So.2d 800 (Fla. 4th DCA 1983), which was followed by In Re App. 48,900 Dollars in U.S. Currency, 432 So.2d 1382 (Fla. 4th DCA 1983), this court clarified the procedure and provided proposed measures to be followed in forfeiture cases under Chapter 932, Florida Statutes (1981).
In the present case appellant filed an amended complaint for issuance of a rule to show cause and for forfeiture of a Mercedes Benz automobile. A hearing was scheduled pursuant to notice “for the purpose of requesting the issuance/filing of a Rule to Show Cause why the described property should not be forfeited to the use of, or sold by, the Pompano Beach Police Department upon producing due proof that same was used in violation of Florida laws dealing with contraband, pursuant to Section 932.701 through 932.704 of Florida Statutes (1981).” However, instead of issuing a rule to show cause, the hearing turned into what might be called a final hearing on the merits of the amended complaint. We now know that a hearing was not necessary to procure issuance of a rule to show cause. As pointed out in the aforementioned cases, the rule to show *500 cause should have issued upon the amended complaint if the court found that it was sufficient to state a cause of action. Our examination of the amended complaint indicates it was sufficient to support issuance of the rule. Thereafter, a response should have been filed, thereby framing the issues to be tried. The failure to follow this orderly procedure, we believe, caused the premature consideration of issues not properly framed by pleadings.
Appellee contends that appellant undertook to prove probable cause at the hearing in question and cannot now complain. However, we do not believe that undertaking to prove more than is required should militate against a party, if the matters presented are sufficient to meet the burden required at that stage of the proceeding. Furthermore, although the complaint itself was not sworn to as suggested in the foregoing cases, the sworn affidavit of the police officer on the scene of the crime was attached to the complaint, verifying the most essential allegations of the complaint. Although we hold the complaint was sufficient to support issuance of a rule, upon remand appellant should be allowed the opportunity to amend the complaint if it be so advised.
The order appealed from is reversed and the cause is remanded with instructions to allow appropriate amendments and thereafter follow the procedures laid out in the two cases cited in this opinion.
REVERSED AND REMANDED, with directions.
GLICKSTEIN, J., and GUNTHER, BOBBY W., Associate Judge, concur.