472 So.2d 817 (1985)
UNITECH CORPORATION, a Florida Corporation and Sunshine State Bank, a Florida Banking Corporation, Appellants/Cross-Appellees,
v.
ATLANTIC NATIONAL BANK OF MIAMI, Appellee/Cross-Appellant.
Nos. 84-1576, 84-1648.
District Court of Appeal of Florida, Third District.
July 9, 1985.
Steven J. Cohen; Sparber, Shevin, Shapo & Heilbronner and Nancy Schleifer, Miami, for appellants/cross-appellees.
Shutts & Bowen and Brenton Ver Ploeg and M. Therese Vento and Lee D. Mackson, Miami, for appellee/cross-appellant.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
This appeal is from two orders: one dismisses an original complaint with prejudice *818 for failure to state a cause of action against appellee Atlantic National Bank of Miami, and the other denies a motion for rehearing. A cross-appeal is brought from an order which vacates the order denying the motion for rehearing. Appellee/cross-appellant contends that the court was without jurisdiction to vacate its earlier orders.
On the merits the case presents fairly keen issues arising out of a commercial transaction which we need not address at this time. The dispositive procedural question is whether the complaint should have been dismissed with prejudice.
After dismissal the trial court expressed the view, which we share, that its dismissal with prejudice may have been premature. That view prompted the order vacating the order denying rehearing which is the subject of the cross-appeal. Having thoroughly considered appellee's scholarly entreaty, we cannot affirm the dismissal because there is a possibility that the deficient complaint can be recast to state a cause of action. A trial court should give leave to amend a deficient complaint unless there has been an abuse of the amendment privilege, or the complaint shows on its face that there is a deficiency which cannot be cured by amendment. Affordable Homes, Inc. v. Devil's Run, Ltd., 408 So.2d 679 (Fla. 1st DCA 1982). The amendment privilege has not been abused in this case, nor is there a conclusive showing that the defective complaint cannot be cured.
Our reversal of the order of dismissal moots the issue raised by cross-appeal.
Reversed and remanded.