PER CURIAM.
We affirm the lower court’s finding that there were insufficiencies in the service of process without reaching the merits of the other issues raised by appellant. The attempted service of process on the defendant, Odissea Shipping Co., was by a Greek attorney who delivered a summons and complaint on a purported agent of the nonresident corporate defendant. Plaintiff Cameron also attempted service of process on defendants, Odissea Shipping Co. and Dido Shipping Co., by delivering a summons and complaint on the manager of *31 another purported agent in Miami who filed an uncontroverted affidavit stating that he had no authority to receive service of process on behalf of defendants. The two forms of attempted service did not satisfy statutory requirements. See Biscayne Athletic Club, Inc. v. Iacono, 367 So.2d 275 (Fla. 3d DCA 1979); §§ 48.081, 48.161, 48.194, Fla.Stat. (1985). Further, there was no showing that plaintiff complied with the requirements of section 626.906, Florida Statutes (1985) in serving defendant, The Swedish Club, through service on the insurance commissioner.
On the record before us, dismissal of the complaint on the basis of the contested jurisdictional issues was premature after the court had determined, correctly, that service was defective.
The order on review, to the extent it quashes service of process, is AFFIBMED; the dismissal of the complaint is REVERSED.