489 So.2d 128 (1986)
ROYAL NETHERLANDS STEAMSHIP COMPANY, Appellant,
v.
Elida QUINTO de GARCIA, As Mother and Personal Representative of Carlos Enrique Dominguez Quinto, Deceased, Appellee.
No. 84-835.
District Court of Appeal of Florida, Third District.
May 20, 1986.
*129 Mitchell, Harris, Canning, Murray & Usich and C. Robert Murray, Jr., Miami, for appellant.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Huggett & Martucci, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Defendant Royal Netherlands Steamship Company appeals from a final judgment entered after a jury trial in this wrongful death action. We affirm.
Plaintiff's decedent, a ship painter by trade, was killed in a fall from one of appellant's ships while it was docked in a Guatemalan port. Plaintiff, decedent (her son) and decedent's two minor sons were Guatemalan nationals. Defendant was a Dutch corporation and the ship was of Dutch registry.
Plaintiff filed suit in the Eleventh Judicial Circuit Court of Florida seeking damages under United States general maritime law for unseaworthiness and negligence. Defendant moved to dismiss the complaint for lack of personal and subject matter jurisdiction.[1] The trial court ordered that initial discovery would be limited to jurisdictional questions only. Defendant failed to comply with this and several other orders of the trial court directing defendant to provide information pertinent to the issue of personal jurisdiction. After a hearing on plaintiff's motion for default, the trial court denied defendant's motion to dismiss, imposed personal jurisdiction as a sanction for the discovery violations and ordered defendant to file its answer. An appeal to this court was dismissed without opinion.
The cause was tried before a jury which returned a verdict in favor of plaintiff for $2,000,000 ($1,000,000 to the decedent's estate and $1,000,000 to the survivors), to be reduced by decedent's 50% comparative negligence. On defendant's motion to correct the verdict, the trial court struck the award of $1,000,000 to the estate, finding that the jury had confused the award to the estate and the award to the survivors. The $1,000,000 award to the survivors remained intact. All of defendant's other post-trial motions were denied.
*130 Defendant raises numerous points on appeal, challenging the trial court's orders on personal jurisdiction and subject matter jurisdiction and alleging error in the amount of the award to the estate. Defendant argues further that no award may be made to a decedent's estate under the general maritime law. We dispose of these issues on the following briefly stated analysis.
Defendant asserts that there isn't sufficient "connexity" between the events in Guatemala and Miami, Florida to allow a Florida circuit court to have personal jurisdiction over the parties. Given the facts of this case, defendant's point might be well taken but for the fact that personal jurisdiction was imposed by the trial court as a sanction for its repeated discovery violations. This particular sanction has been approved by the United States Supreme Court in Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). The Court added the proviso that any sanction must be "just" and that the sanction must be specifically related to the particular "claim" which was at issue in the order to provide discovery. Id. at 456 U.S. 707, 102 S.Ct. 2107, 72 L.Ed.2d 504. In the case at bar, all of the facts necessary to prove or disprove minimum contacts with the State of Florida were within defendant's control. Discovery, at that stage of the proceeding, related solely to the personal jurisdiction issue. Without defendant's cooperation in the discovery process, the case could not go forward. Thus, when defendant repeatedly refused to provide the requested information, the trial court elected to impose an appropriate sanction.
The second issue raised and argued strenuously by defendant is that the trial court did not have subject matter jurisdiction over the claim. This assertion is without merit. Plaintiff filed this action under 28 U.S.C. § 1333, which permits plaintiff to bring her suit, even though it sounds in maritime law, in state court.[2]Rubin v. Brutus Corp., 487 So.2d 360 (Fla. 1st DCA 1986). Thus, once the trial court had personal jurisdiction over the parties, there was no fundamental difference between this suit and any other tort action in a circuit court in Florida.[3]See id. at 904 ("General maritime law has usually adopted and followed the principles of general tort law.")[4]
The cases cited by defendant regarding "subject matter jurisdiction" in fact raised choice of law considerations. While there were several instances during the proceedings below where defendant indicated that Guatemalan or Dutch law, rather than U.S. general maritime law, might apply, the issue was never formally presented to the trial court. Presumably, Guatemalan or Dutch maritime law would not differ in any material respect from U.S. general maritime law since modern maritime law is comprised of the ancient codes and customs of seafaring nations. See generally, 1 M. Norris, The Law of Seamen § 1:3 (4th ed. 1985). In any event, the failure to raise the issue properly below precludes our consideration of it here. Ganem v. Ganem, 269 So.2d 740 (Fla. 3d DCA 1972), cert. denied, 277 So.2d 284 *131 (Fla. 1973); Leary v. Gledhill, 8 N.J. 260, 84 A.2d 725 (1951).
Defendant's final issue on appeal concerns whether the estate can be awarded damages under U.S. general maritime law. It argues that under Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), and its progeny, Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1973), and Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978), only survivors can be awarded damages and the damages must be solely pecuniary in nature. We note that, at the moment, this argument is moot since the trial court vacated the award to the estate on the grounds of jury confusion. We further note that this argument was raised for the first time in a post-trial motion. The jury was instructed on estate damages without any objection by the defendant. Defendant's failure to bring this argument to the attention of the trial court places this issue outside the scope of our review.
We have carefully considered all other issues raised by defendant and find that they are without merit.
The final judgment is affirmed.
NOTES
[1] The complaint alleged that the Dutch corporation had substantial contacts with both the State of Florida and the United States. Defendant admitted that it had an office in Miami and an agent in New York. All other jurisdictional facts were contested and were the subject of the trial court's discovery orders.
[2] 28 U.S.C. § 1333 states, in relevant part:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
(1) any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
[3] The cases cited by defendant for the proposition that there was no subject matter jurisdiction in the circuit court were federal cases. Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend is delineated in Article III, section 2, clause 1, of the United States Constitution. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction. This reflects the constitutional source of federal judicial power. Insurance Corp. of Ireland v. Compagnie des Bauxites, 456 U.S. at 701, 102 S.Ct. at 2104, 72 L.Ed.2d at 500. State courts do not labor under such limitations.
[4] Defendant did not raise the issue of forum non conveniens on appeal.