ADKINS, Justice (Ret.).
We have for review Evangelical Covenant Church of America v. Bauer, 482 So.2d 551 (Fla 4th DCA 1986), in which the Fourth District found the “income test” set forth in section 196.1975(4), Florida Statutes (1985), unconstitutional and certified the following question to this Court as one of great public importance:
Does the Court’s ruling in Presbyterian Homes v. Wood, 297 So.2d 556 (Fla.1974), continue to have vitality and, if so, does the “income test” in section 196.1975(4), Florida Statutes (1985), pass constitutional muster?
482 So.2d at 552. We have jurisdiction, Article V, section 3(b)(4), Florida Constitution, and approve the decision of the district court. We therefore affirm the validity of our prior decision of Presbyterian Homes and once again strike as unconstitutional the “income test” set forth in section 196.1975(4).
In July of 1981, Evangelical Covenant Church of America (Covenant) filed a complaint challenging the decision of the Bro-ward County Property Appraiser (the Appraiser) not to grant Covenant a full exemption from 1980 property taxes on a home for the aged owned and operated by Covenant. Covenant attacked the Appraiser’s decision by challenging the constitutionality of the statutory criteria under which the full exemption had been withheld, including the “income test.” The income test links the extent of a property tax exemption to be extended to a charitably-operated home for the aged with the income of that home’s residents.
In our decision of Presbyterian Homes, we found the narrow strictures of the income test incompatible with the broad tax limitation set forth in article VII, section III of the Florida Constitution, providing that “[s]uch portions of property as are used predominantly for ... charitable purposes may be exempted by general law from taxation.” As we noted in that case:
The “income test” prescribed in the statute is too narrow in scope to conform to the true intent of the constitutional limitation. General laws providing tax exemptions must contain criteria which correspond to the constitutional limitation that portions of property predominantly used for religious or charitable purposes may be exempted from taxes. The “income test” has reference more to the personal economics of a resident or residents of an apartment or room in a home for the aged or disabled than to the overall purpose or use of a home as a religious or charitable institution. It is restrictive in that it is applied pecuniarily and selectively to particular individuals and their apartments or rooms rather than to the general objects of a home provided by church or charitably oriented organizations for their eleemosynary programs.
Inasmuch as an “income test” is the primary determinant of the eligibility for tax exemption of a home, other factors traditionally used in determining the status of such a home are minimized contrary to the intent of the constitutional limitation.
297 So.2d at 558. In essence, we found the income test an unjustifiable additional burden on homes which had already met the other strict standards set forth in chapter 196 of the Florida Statutes in establishing themselves as charitable operations aimed at serving the state’s elderly population.
While not directly attacking Presbyterian Homes, petitioners contend that certain changes in the statute made after that decision allow us to now reach a different result. We cannot agree. In chapter 76-234, Laws of Florida, the legislature amended the income test by 1) increasing the maximum income limits prescribed in the section, 2) tying these income limits to a cost-of-living index rather than future acts of Congress or future federal standards for determining the eligibility of the elderly for federal housing assistance, and 3) adding a statement of legislative intent. We find these changes superficial rather than meaningful and substantive. None of the amendments change the constitutionally impermissible character of the income test previously noted in Presbyterian Homes. We therefore now utilize section *1241 196.1976, Florida Statutes (1985), which declares any portions of section 196.1975 found to be invalid severable, and order stricken as unconstitutional paragraph (4) of section 196.1975, Florida Statutes (1985).
Having answered the certified question, we approve the opinion under review.
It is so ordered.
OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
McDONALD, C.J., dissents.