528 So.2d 510 (1988)
Pedro Luis AVILA, Appellant,
v.
PACINDAT MUTUAL PROTECTION & INDEMNITY ASSOCIATION, LTD., and the Pan American Club, Appellees.
No. 87-1002.
District Court of Appeal of Florida, Third District.
July 19, 1988.
Brett Rivkind, Miami, for appellant.
Holland & Knight, and Mark J. Buhler and Laurence M. Bardfeld, Miami, for appellees.
Before HUBBART and BASKIN[*] and JORGENSON, JJ.
PER CURIAM.
This is an appeal from a trial court order which dismisses, dissolves and discharges a writ of garnishment on the ground that the court lacked personal jurisdiction over the foreign corporation defendants Pacindat Mutual Protection & Indemnity Association, Ltd. and The Pan American Club. We reverse the order under review upon a holding that the said order was prematurely entered before the plaintiff Pedro Luis Avila had a reasonable opportunity to complete his discovery on the jurisdictional issue in this cause. See Frankel v. City of Miami Beach, 340 So.2d 463, 469 (Fla. 1977); A & B Pipe & Supply Co. v. Turnberry Towers, 500 So.2d 261, 262 (Fla. 3d DCA 1986); Moore v. Freeman, 396 So.2d 276, 276 (Fla. 3d DCA 1981); Lovelace v. Sobrino, 280 So.2d 514, 514 (Fla. 3d DCA 1973); see also Unitech Corp. v. Atlantic Nat'l Bank, 472 So.2d 817, 818 (Fla. 3d DCA 1985); cf. Royal Netherlands S.S. v. Quinto de Garcia, 489 So.2d 128, 130 (Fla. 3d DCA) (plaintiff entitled to discovery from defendant in attempt to establish jurisdiction), rev. denied, 496 So.2d 143 (Fla. 1986), cert. denied, 479 U.S. 1090, 107 S.Ct. 1299, 94 L.Ed.2d 155 (1987); Cameron v. Odissea Shipping Co., 486 So.2d 30, 31 (Fla. 3d DCA 1986) (premature dismissal on jurisdictional issues); Reddish v. Forlines, 207 So.2d 703, 707-08 (Fla. 1st DCA 1968) (premature dismissal for failure to prosecute where discovery outstanding).
Upon remand, the trial court shall permit the plaintiff a reasonable opportunity to complete his aforesaid discovery and to *511 amend the writ of garnishment should he choose to do so. It should be noted, however, that "[w]hen service of process is to be made under statutes authorizing service on non-residents of Florida, it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service." Fla.R.Civ.P. 1.070(i).
Reversed and remanded.
NOTES
[*] Judge Baskin participated in the decision, but did not hear oral argument.