ERVIN, Judge.
In this appeal the State seeks review of a final order entered by the circuit court in a civil forfeiture proceeding denying its motion for summary judgment, granting the property owner’s motion to dismiss, and directing the sheriff to return the confiscated property to the owner. Reversal of the order is required because the ultimate decision was premature due to departures from established procedures for civil forfeiture actions.
The proper procedure for conducting actions under the Florida Contraband Forfeiture Act (Act), Sections 932.701-.704, Florida Statutes (1985), has been established through case law. The seizing agency must file a verified petition for a rule to show cause and apply ex parte to the court for the issuance of the rule. If the petition states a cause of action for forfeiture, the rule then should issue. A copy of the *1098 petition and the rule should be served on all persons claiming ownership or a security interest in the seized property. The rule should require those persons claiming an interest in the property to file a responsive pleading and to appear at a time and place certain to show cause why the property should not be forfeited. The responsive pleading should admit, deny or explain the material allegations and should assert as well any affirmative defenses. A forfeiture hearing will then take place with the respective parties presenting their evidence in accordance with the issues drawn by the pleadings. In re Forfeiture of Approximately Forty-eight Thousand Nine Hundred Dollars ($48,900.00) in U.S. Currency, 432 So.2d 1382, 1384 (Fla. 4th DCA 1983); In re Forfeiture of U.S. Currency in the Amount of Five Thousand Three Hundred Dollars ($5,300.00), 429 So.2d 800, 803 (Fla. 4th DCA 1983).
In the instant case, the State commenced the action by filing its verified petition for rule to show cause, seeking forfeiture of six video draw poker machines, twelve slot machines, five coin-operated slot machines, assorted jewelry and $602.11 in U.S. currency. The above property was confiscated from premises leased by Richard Mancu-so, following three separate arrests of Mancuso, charging him with keeping a gambling house in violation of Section 849.-01, Florida Statutes (1985). Unfortunately, after the filing of the petition, the appropriate procedure, as previously set forth for resolving civil forfeiture actions, was disregarded by the parties. Before any determination of whether the petition stated a cause of action and whether the rule should issue, Mancuso filed an answer, which included certain affirmative defenses; specifically, Mancuso alleged that the property seized was exempt under Section 849.161, Florida Statutes (1985), because the property primarily involved games of skill operated in an amusement arcade. Although a rule to show cause was thereafter issued, it failed to provide a time or date certain for the forfeiture hearing. In the meantime, the State filed a motion for summary judgment, and Mancuso responded with a motion to dismiss, restating essentially the asserted exemption under section 849.161. These two motions were scheduled for hearing, at which time Mancuso proffered live testimony in support of his affirmative defense.[1]
At the conclusion of the hearing, the trial judge reserved ruling, while observing that the outcome of the case depended upon a construction of section 849.161. Later the court entered an order denying the State’s motion for summary judgment, while granting Mancuso’s motion to dismiss and ordering the sheriff to return the seized property to Mancuso.
Because a factual issue exists regarding the exemption of the machines under section 849.161, summary judgment in favor of the state was clearly inappropriate; therefore, we find no error in that portion of the trial court’s order. We do, however, agree with appellant that the court erred in granting Mancuso’s motion to dismiss. It is apparent that the trial judge granted the motion to dismiss, not due to the insufficiency of the complaint, but based upon his review of the pleadings and evidence submitted by Mancuso in reliance upon his section 849.161 affirmative defense. Such a ruling was error, because the court considered matters outside the four corners of the complaint, and because dismissal of the complaint based upon a resolution of the affirmative defense issue was premature. See In re Forfeiture of 1975 Mercedes Benz 450 SL; VIN # 1070441Z023269; TAG #IJA-605, 455 So.2d 498 (Fla. 4th DCA 1984) (failure to follow established forfeiture procedures caused premature decision on ultimate issue and mandated reversal of order dismissing complaint).
The order appealed from is REVERSED and the cause is REMANDED with directions to allow appropriate amendment of the pleadings and thereafter to follow the *1099 established procedure governing forfeiture actions under the Act.
JOANOS, J. and PEARSON, TILLMAN (Ret’d), Associate Judge, concur.

. One of the points raised by the State on appeal is whether the lower court erred in taking testimony on the motion for summary judgment. Because of our resolution of the case, we do not reach this issue.