547 So.2d 1044 (1989)
SOVRAN BANK, N.A., Appellant,
v.
Donald PARSONS, Appellee.
No. 88-2000.
District Court of Appeal of Florida, Fourth District.
August 23, 1989.
Richard R. Michelson of Michelson & Zippin, P.A., Fort Lauderdale, for appellant.
Margaret L. Cooper of Jones Foster, Johnston & Stubbs, West Palm Beach, for appellee.
PER CURIAM.
We reverse the order which dismissed appellant's second amended complaint with prejudice and remand for further proceedings.
Applying the basic rules, that upon motion to dismiss the court's gaze is limited to the four corners of the complaint and that all well pleaded allegations therein are taken as true, City of Hallandale v. Gulfstream Park Racing Association, Inc., 440 So.2d 1328 (Fla. 4th DCA 1983); National Financing Corporation v. Weiche, 371 So.2d 707 (Fla. 4th DCA 1979); Wenner v. Foster, 336 So.2d 1248 (Fla. 4th DCA 1976), we are of the opinion that this complaint sufficiently stated a cause of action, and as such, should have survived the motion to dismiss proceedings. In re Forfeiture of Following Described Property: Six Video Draw Poker Machines, Twelve Slot Machines, Five Coin Operated Machines, One Silver Jubilee, 544 So.2d 1097 (Fla. 1st DCA 1989).
We are mindful of appellee's position that the foreign judgment being sued upon was not recognizable as a final judgment. It is our view that the Florida Rules of Civil Procedure, specifically Rule 1.110 and Rule 1.120, envision that appellee should file its answer and affirmative defenses, as it is advised, whereupon the issues may be drawn, litigated, and decided.
In sum we hold that the dismissal was premature. Lipman v. Vanowen Realty Corp., 528 So.2d 1384 (Fla. 4th DCA 1988); Avila v. Pacindat Mutual Protection & Indemnity Association, Ltd., 528 So.2d 510 (Fla. 3rd DCA 1988).
REVERSED AND REMANDED.
ANSTEAD, WALDEN and GUNTHER, JJ., concur.