LETTS, Judge.
The trial court found that certain residential units in a retirement village were exempt from 1986 ad valorem taxation, to the extent of $25,000 of the assessed value of each unit, under section 196.1975(8)(a), Florida Statutes (1985).[1] We affirm.
It is abundantly clear the legislature intended that residential units for the aged be granted a $25,000 exemption per qualifying unit, even though those elderly residents do not actually own the fee simple title thereto. We read the statute as only requiring 75% of the occupants to be over the age of 62 years or to be totally and permanently disabled. Further, the occupants must, in good faith, reside in said units with the intention of making them their permanent homes. As was said in Miller v. Board of Pensions of the United Presbyterian Church in United States of America, 431 So.2d 350 (Fla. 5th DCA 1983), section 196.1975 is an indirect homestead exemption for the aged.
We also are of the opinion that this statute is constitutional. Article VII, section 6(e), of the Florida Constitution provides tax relief to “renters who are permanent residents.” The “Continuing Care Agreement” sub judice is certainly a form of rental agreement. We must confess that we are perplexed by paragraph 25 of this agreement which says:
The privileges of a continuing care under this agreement shall not constitute a lease and does not create any interest on the part of the occupant in the real property of the owner.
However, in order to become a resident, the agreement requires that each applicant have a net worth of at least $100,-000 and provides for an entry fee of between $45,000 and $86,000. The . agreement further provides that those “assuming residency” shall have “the right to occupy the above-designated living unit for the rest of the life of the occupant”, sub *1046 ject to certain other conditions set forth in the agreement including a monthly charge. Though paragraph 25 decries the creation of a lease, the occupants certainly reside in the units with the intention of making them a permanent home and are required to put up a deposit. Inevitably, the agreement is a form of long-term rental contract.
In sum, we believe these individual units qualify for the exemption set forth in section 196.1975(8)(a). Accordingly, we affirm.
AFFIRMED.
ANSTEAD and STONE, JJ., concur.

. This statute was amended again in 1987 and the present wording would also support the conclusion that we now reach.