552 So.2d 321 (1989)
Ernest W. SHAHID, et al., Appellants,
v.
Lucille McLane CAMPBELL, et al., Appellees.
No. 88-3096.
District Court of Appeal of Florida, First District.
November 21, 1989.
*322 Gregory D. Smith of Gregory D. Smith, P.A., Pensacola, for appellants.
A.G. Condon, Jr., of Emmanuel, Sheppard & Condon, Pensacola, for appellees.
JOANOS, Judge.
Appellants herein have appealed an order of the trial court granting with prejudice appellees' motions to dismiss the second amended complaint. We reverse.
In order to state a cause of action, a complaint need only contain a short and plain statement as to the ultimate facts which indicate that the pleader is entitled to relief. The court must assume that all of the facts alleged in the complaint are true and must draw all reasonable inferences in favor of the pleader. Bryant v. Coordinated Programs, Inc., 534 So.2d 932 (Fla. 1st DCA 1988). Further, the complaint need not anticipate affirmative defenses, Thompson v. Martin, 530 So.2d 495, 496 (Fla. 2d DCA 1988). Any defenses should be stated by the defendants in an answer so that issues can be drawn. Sovran Equity Mortgage Corp. v. Parsons, 547 So.2d 1044 (Fla. 4th DCA 1989). In short, if the pleader alleges the necessary elements of the cause of action, the complaint states a cause of action.
In this case, the second amended complaint states that the parties, a limited partnership and individuals represented by a real estate agent, entered into an option contract for the purchase of real estate. The option agreement stated special conditions concerning zoning restrictions and setback lines. In order to show compliance with the special conditions, the sellers provided the buyers with a survey of the property purporting to show its condition. That survey did not, however, reflect the legislatively-mandated Coastal Construction Control Line established for the property in 1982. Prior to closing, when the buyers sought further assurances from the sellers that the special conditions had indeed been met, the sellers urged the buyers to close, promising to provide such assurances after closing. In reliance on this promise, the buyers closed and damages resulted.
A review of the elements of the various causes of action alleged by appellants reveals that these factual allegations are sufficient to withstand the motions to dismiss filed herein. Appellees' arguments constitute nothing more than defenses to appellants' suit, and thus are more properly stated in its answer to the complaint than in a *323 motion to dismiss directed to the sufficiency of the complaint to state a cause of action.
Neither should the complaint have been dismissed based on appellants' failure to comply with orders of the court. First of all, the trial court did not enter written orders requiring appellants to amend their complaint in a certain fashion. Rather, the trial judge orally expressed his concerns over perceived deficiencies in that complaint. A review of the record reveals that the trial court was concerned over the absence of allegations showing the parties' intent that the special conditions of the option contract survive the deed, as well as appellants' failure to attach a copy of the deed conveying the property.
The second amended complaint alleges that, subsequent to the option contract, appellees promised to show fulfillment of the special conditions after closing, inferring an intent that the special conditions survive the closing. With regard to the failure to attach the deed, the complaint sufficiently alleges that closing occurred and that a deed was conveyed. Further, the breach and rescission counts are specifically addressed, not to the deed, but to the option contract, which was attached to the complaint. Therefore, attachment of the deed was not vital to the sufficiency of the complaint, and because appellants were never ordered to attach it, we find that the complaint could not be dismissed as a sanction for failure to comply with an order of the court.
Because we find that the complaint states a cause of action as to all counts, and that the appellants did not refuse to comply with a court order regarding amendment of their complaint, the order dismissing the complaint with prejudice is reversed, and the case remanded for further proceedings.
ERVIN and BARFIELD, JJ., concur.