GREEN, Judge.
Fairhaven South, Inc., d/b/a Oaks Village, a Florida not-for-profit corporation, challenges the judgment of the trial court upholding the ad valorem tax assessment by C. Raymond McIntyre, Highlands County property appraiser, of Fairhaven’s property and denying Fairhaven’s application for tax exemption for the years 1996, 1997, and 1998. We reverse.
*111 Fairhaven operates a nonprofit home for the aged who meet qualifications specified in section 196.1975, Florida Statutes (1995). Fairhaven possesses a corporate charter under chapter 617, Florida Statutes, and a certificate of exemption under section 501(c)(3) of the Internal Revenue Code.
Fairhaven constructs and leases residential units for persons such as retired ministers, missionaries, or others with a religious background. Basically, the residents pay construction costs based on the type of premises and reside there with no expectation of receiving fee title. If a tenant dies or leaves, he or she is entitled to receive up to seventy-five percent of the original price he or she paid when the unit is leased to a new tenant. Each resident over the age of sixty-two pays a monthly maintenance fee of $157.50 to $216. That fee pays for, among other things, the taxes on the unit.
Fairhaven presented evidence that for the years 1996, 1997, and 1998, its home was exempt from taxation under section 501(c)(3) of the Internal Revenue Code. Fairhaven also introduced in evidence affidavits of its residents that accompanied its applications for exemption under section 196.1975. The affidavit forms were supplied by the appraiser’s office. The affidavits reflected that for each tax year for which Fairhaven sought exemption, all of its residents were permanent residents of Highlands County over the age of sixty-two and that more than twenty-five percent had incomes below the maximum income limitation provided in the statute. We dismiss McIntyre’s hearsay objection to these affidavits because the affidavits were not supplied as original evidence at trial but were attached to the three exemption applications and were, therefore, considered by McIntyre in making his three denials. McIntyre presented no evidence to dispute these affidavits.
The trial court upheld McIntyre’s denial of Fairhaven’s applications for tax exemption on the ground that Fairhaven failed to establish that its property was used for a charitable purpose. Fairhaven contends that as a nonprofit home for the aged it satisfied the requirements of section 196.1975 and was therefore entitled to the exemption provided for in that statute. We agree. Article VII, section 6(e), of the Florida Constitution provides:
Section 6. Homestead exemptions.—
[[Image here]]
(e) By general law and subject to conditions specified therein, the Legislature may provide to renters, who are permanent residents, ad valorem tax relief on all ad valorem tax levies. Such ad valo-rem tax relief shall be in the form and amount established by general law.
Section 196.1975 provides that nonprofit homes for the aged are tax exempt if they qualify as not-for-profit corporations under section 501(c)(3) of the Internal Revenue Code and at least seventy-five percent of their residents are over the age of sixty-two or are totally or permanently disabled. It is clear that Fairhaven met these requirements and thus qualified for the homestead exemption. See Markham v. John Knox Village of Fla., Inc., 547 So.2d 1044 (Fla. 4th DCA 1989) (holding that section 196.1975 is an indirect homestead exemption for the aged).
McIntyre contends that in addition to the criteria set forth in section 196.1975, Fairhaven must also meet the requirements of section 196.195 (determining the profit or nonprofit status of an applicant) and section 196.196 (determining whether property is entitled to charitable, religious, scientific, or literary exemption), which are provisions of the Florida Statutes related *112 to article VII, section 3(a), of the Florida Constitution. We disagree.
The legislative history of section 196.1975 indicates that prior to 1987, the exemption of a nonprofit home for the aged was based on article VII, section 3(a), of the Florida Constitution, requiring that the property be predominantly used for educational, literary, scientific, religious, or charitable purposes. Markham v. Evangelical Covenant Church of Am., 502 So.2d 1239 (Fla.1987); Presbyterian Homes v. Wood, 297 So.2d 556 (Fla.1974). The legislature has currently continued these classifications by the provisions of section 196.1975, but under section 6(e) of article VII of the Florida Constitution, which provides tax relief to renters who are permanent residents. Markham v. John Knox Village of Fla., Inc., 547 So.2d at 1044. Section 196.1975(7) provides:
It is hereby declared to be the intent of the Legislature that subsection (3) implements the ad valorem tax exemption authorized in the third sentence of s. 3(a), Art. VII, State Constitution, and the remaining subsections implement s. 6(e), Art. VII, State Constitution, for purposes of granting such exemption to homes for the aged.
Because Fairhaven qualified as a nonprofit organization under section 501(c)(3) and met the requirements of section 196.1975(1) and (2), it was entitled to the homestead exemption relief sought for the years 1996, 1997, and 1998, without regard to the “charitable” use of the property. Therefore, the trial court’s consideration of section 196.195(4), and its finding that this section of the statute was unconstitutional, was error.[1] The trial court’s inquiry should have been based solely on the application of section 196.1975.
Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with our decision.
Reversed and remanded.
FULMER, A.C.J., and STRINGER, J., Concur.

. It should be noted that section 196.195(4), Florida Statutes (1997), was repealed by the legislature, effective January 1, 2001. Ch. 00-228, § 3, at 2249, Laws of Fla.