15 So.3d 762 (2009)
Joni MACRI, Nicodemo (Nic) Macri, and The Estate of Jena Macri, Deceased, Appellants,
v.
CLEMENTS AND ASHMORE, P.A., d/b/a North Florida Women's Care, David O'Bryan, M.D., Rachel Depart, CNM, and Florida Birth-Related Neurological Injury Compensation Association, Appellees.
No. 1D07-5818.
District Court of Appeal of Florida, First District.
July 16, 2009.
*763 Donald M. Hinkle, of Hinkle and Foran, Tallahassee, for Appellants.
Wilbur E. Brewton, General Counsel, Kelly B. Plante, and Tana D. Storey, of Brewton Plante, P.A., Tallahassee, for Appellee Florida Birth-Related Neurological Injury Association.
Dennis Jackson Martin & Fontela, P.A., Tallahassee, and Carr, Allison, Pugh, Howard, Oliver & Sisson, Tallahassee, and Mark Hicks, Dinah Stein, and Erik P. Bartenhagen, of Hicks, Porter, Ebenfeld & Stein, Miami, for Appellees Clement and Ashmore, P.A., d/b/a North Florida Women's Care, and David O'Bryan, M.D., and Rachel Depart, CNM.
ALLEN, J.
The appellants challenge a summary judgment entered for the appellees on *764 wrongful death claims with allegations of medical negligence. Among other defenses, the appellees asserted that those claims are precluded by the exclusivity of remedy provision in the Florida Birth-Related Neurological Injury Compensation Plan, at section 766.303(2), Florida Statutes. The appellants maintained that the claims are allowed under the "willful and wanton" exception in section 766.303(2). In entering summary judgment the court reasoned that the claims could not proceed as the appellants had not pled the "willful and wanton" exception in their complaint. But section 766.303(2) exclusivity is an affirmative defense, which the appellants did not have to negate in their complaint, and the court should not have entered the summary judgment.
The appellants' civil action for wrongful death and bodily injury was based on allegations of medical negligence in connection with the birth and ensuing death of a child. The action was filed against the delivering obstetrician and the attending nurse-midwife, along with the professional association which was their employer, and the hospital where the child was born. The hospital was subsequently dismissed, upon its settlement of a medical negligence claim for this incident. Meanwhile, the wrongful death action was abated on motion by the other defendants so as to compel the appellants to pursue relief under the Florida Birth-Related Neurological Injury Compensation Plan. This Plan, as established at sections 766.301 through 766.316, Florida Statutes, provides no-fault compensation for qualifying injuries. However, only a limited recovery may be had under the Plan, and that is made the exclusive remedy with only certain exceptions. See § 766.303(2), Fla. Stat. Furthermore, the Plan indicates that no civil action may be pursued until determinations are made under the Plan as to whether there is a birth-related neurological injury, as well as to other matters affecting compensability. See § 766.304, Fla. Stat.
Although the appellants did not want to seek recovery under the Plan, they were compelled to do so before they could resume their civil action. They therefore filed an administrative petition seeking the necessary determinations under section 766.309, Florida Statutes, regarding the applicability of the Plan for the injuries sustained by the child. An administrative law judge determined that the child sustained a qualifying birth-related neurological injury, but that the settlement of the medical negligence claim against the hospital precluded an award of benefits under the Plan. That ruling was made in accordance with section 766.304, which precludes a Plan award if there has been recovery by settlement or judgment in a civil action.
The appellants acknowledged that they were not entitled to recovery under the Plan, and after obtaining the ruling from the administrative law judge the appellants returned to the circuit court where the civil action remained pending. The doctor, the nurse-midwife, and their employer subsequently moved for summary judgment, asserting that the civil action is barred by the exclusivity of remedy provision in section 766.303(2). The appellants pointed out that such exclusivity is an affirmative defense which the defendants had not raised in answering the complaint, and the circuit court denied the initial motion for summary judgment. Defendants thereafter submitted a supplemental answer raising this affirmative defense, and renewed motions for summary judgment were filed. The appellants responded by noting that section 766.303(2) exclusivity does not pertain in situations of willful and wanton disregard, and the appellants averred that their civil action was *765 based on such conduct. The appellants also submitted affidavits from an obstetrician and a nurse-midwife, who both indicated that there was clear and convincing evidence of willful and wanton disregard in the way the defendants handled the labor and birth.
Despite the appellants' reliance on the willful and wanton exception to section 766.303(2) exclusivity, the circuit court eventually entered summary judgment for the defendants on the wrongful death claims. In ruling for the defendants the court observed that the appellants' complaint had not used the "willful and wanton" language, which the court described as an "obtuse" pleading requirement. The court concluded that, in light of the statutory proscriptions in sections 766.303(2) and 766.304, such an express allegation should have been made before the administrative determination of no award under the Plan became binding, in order for the appellants to rely on the willful and wanton exception to the exclusivity in section 766.303(2).
As the appellants pointed out below, section 766.303(2) exclusivity is an affirmative defense to be raised by the defendants. See Fla. Health Sciences Cntr. v. Div. of Admin. Hearings, 974 So.2d 1096 (Fla. 2d DCA 2007). An affirmative defense does not ordinarily have to be anticipated in a complaint, see Shahid v. Campbell, 552 So.2d 321 (Fla. 1st DCA 1989), and unless raised by the defendants could be deemed to be waived. See, e.g., Southern Mgmt. & Dev. v. Gardner, 992 So.2d 919 (Fla. 4th DCA 2008). The specific allegations of negligence in the complaint in the present case were sufficient and the appellants did not have to negate the section 766.303(2) exclusivity which the defendants claimed, until the defendants raised that matter as an affirmative defense. Once the defense was properly raised the appellants asserted the willful and wanton exception, thus complying with the ordinary requirements of civil procedure and also satisfying the requirements of section 766.303(2). The circuit court therefore should not have entered the summary judgment for the defendants.
As provided in section 766.303(2), the statutory grant of exclusivity of remedy under the Plan does not pertain when there is clear and convincing evidence of willful and wanton disregard, if the civil action is filed prior to and in lieu of payment of an award under the Plan (or before an award becomes conclusive and binding). And as indicated in section 766.304, an award should not be made under the Plan if there has been a settlement or final judgment in a civil action. The appellants' settlement with the hospital where the child was born thus precludes an award under the Plan, but that does not affect the civil action against the doctor, the nurse-midwife, and the professional association which was their employer. The appellants suggest that the unavailability of any recovery under the Plan, in light of the settlement with the hospital, should avoid the section 766.303(2) exclusivity without the necessity of clear and convincing evidence of willful and wanton disregard. But that does not comport with the statutory grant of exclusivity, which does not depend on actual recovery and instead may be invoked as an affirmative defense upon the existence of a qualifying birth-related neurological injury (with the provision of services by a participating practitioner) without regard to whether an award is actually made under the Plan. See Univ. of Miami v. Klein, 603 So.2d 651 (Fla. 3d DCA 1992). And contrary to the appellants' argument as to the impact this might have on their constitutional right of access to the courts, the no-fault system of compensation in the *766 Plan is similar to other no-fault systems which have been upheld upon constitutional challenges based on the right of access. See, e.g., Martinez v. Scanlan, 582 So.2d 1167 (Fla.1991). As with those cases, even if recovery is not actually obtained under the Plan the no-fault system of compensation therein is a reasonable alternative to the civil recourse which might have otherwise been available.
The appellants also suggest that regardless of whether there was any willful and wanton disregard in this case, the nurse-midwife should not be able to invoke section 766.303(2) exclusivity if the nurse-midwife did not pay the section 766.314(4)(c), Florida Statutes, assessment for a midwife to be a "participating physician" under the Plan. But that assessment pertains for a midwife who wants to be independently considered as a participating physician, whereas the nurse-midwife here performed services with the delivering obstetrician and was employed by his professional association. The nurse-midwife was thus covered under the umbrella of the doctor's status as a participating physician. This case is unlike Fluet v. Florida Birth-Related Neurological Injury Compensation Assoc., 788 So.2d 1010 (Fla. 2d DCA 2001), where a supervising doctor was not actually present and directly involved at the birth, and where the parties agreed that the midwife could not invoke the protections of the Plan. It does not appear that there was any such agreement in the present case, and the nurse-midwife here may invoke section 766.303(2) exclusivity, which the appellants might then overcome by showing clear and convincing evidence of willful and wanton disregard.
As their final issue, the appellants argue that the defendants should not be allowed to invoke section 766.303(2) exclusivity, as not all of those medical providers furnished the patient with notice of participation in the Plan in accordance with section 766.316, Florida Statutes. That enactment indicates that a hospital and participating physicians should each provide such notice to the obstetrical patient. In Galen of Florida, Inc. v. Braniff, 696 So.2d 308 (Fla.1997), it was established that such notice is a condition precedent for invocation of section 766.303(2) exclusivity. See also Univ. Med. Cntr. v. Athey, 699 So.2d 1350 (Fla.1997). But unlike Galen and Athey, where there was no notice given by any medical provider, in the present case the delivering obstetrician satisfied the statutory requirement by furnishing the patient with the necessary notice. Although the hospital here may not have provided its own separate notice, the doctor's invocation of section 766.303(2) exclusivity is not limited by the hospital's absence of notice. See Gugelmin v. Div. of Admin. Hearings, 815 So.2d 764 (Fla. 4th DCA 2002). While in Gugelmin the hospital gave notice but the doctor did not, and the present case involves the converse situation, Gugelmin indicates that the medical provider who gave the patient notice of participation in the Plan may rely on section 766.303(2) exclusivity regardless of whether another provider failed to give the patient such notice. That approach is consistent with this court's ruling in Schur v. Florida Birth-Related Neurological, 832 So.2d 188 (Fla. 1st DCA 2002), where a doctor who did not give the required notice could not invoke the exclusivity defense, despite such notice having been provided by another entity. In Schur the party who did not give notice was not allowed to use another party's notice as a means to invoke section 766.303(2) exclusivity, whereas here the doctor is invoking such exclusivity based on the notice he gave the patient. And the nurse-midwife here did not have to provide her own notice, as she *767 does not seek to establish independent status as a participating physician, and instead provided services in connection with the doctor and is within the umbrella of his participation and coverage under the Plan.
The circuit court should not have entered this summary judgment, as the appellants presented a basis to allow their wrongful death claims under the willful and wanton exception to the affirmative defense of section 766.303(2) exclusivity. In accordance with section 766.303(2), such claims depend on clear and convincing evidence of willful and wanton disregard. The summary judgment is reversed and the case is remanded.
WOLF and DAVIS, JJ., concur.